362 So.2d 346 (1978)
CAPELETTI BROTHERS, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. KK-195.
District Court of Appeal of Florida, First District.
August 9, 1978.
Rehearing Denied September 13, 1978.
*347 R. Earl Welbaum of Welbaum, Zook, Jones & Williams, Miami, and Kenneth G. Oertel of Truett & Oertel, P.A., Tallahassee, for appellant.
Alan E. DeSerio, John J. Rimes, III, and H. Reynolds Sampson, Tallahassee, for appellee.
SMITH, Acting Chief Judge.
Again an agency of the state has entered an order purporting to affect the substantial rights of a party without complying with Section 120.57, Florida Statutes (1977). See General Development Corp. v. Div. of State Planning, 353 So.2d 1199, 1209 (Fla. 1st DCA 1978). Again it is the Department of Transportation. See Couch Construction Co., Inc. v. Department of Transportation, 361 So.2d 172 (No. II 314), 361 So.2d 184 (No. KK 100) (Fla. 1st DCA 1978). Again we reverse.
Capeletti, holder of a DOT certificate of qualification to bid on construction work to be let by DOT, was served March 29, 1978, with a DOT preliminary notice of delinquency on a prior state job. On May 5, following a response by Capeletti, DOT sent a telegram and letter advising that Capeletti's certificate was suspended for delinquency. On June 16, following other correspondence from Capeletti, DOT wrote another letter refusing to lift the suspension and refusing to stay the effect of its action pending a Section 120.57(1) hearing on the disputed fact of delinquency. DOT's action thus purports to disqualify Capeletti to bid on other DOT jobs during the indefinite period of the suspension.
Section 337.16, Florida Statutes (1977), provides:
(1) No contractor shall be qualified to bid when an investigation by the highway engineer discloses that such contractor is delinquent on a previously awarded contract, and in such case his certificate of qualification shall be suspended or revoked.
(2) The department may suspend, for a specified period of time, or revoke for good cause any certificate of qualification.
(3) Any person found delinquent on a contract or whose certificate is revoked or suspended shall be given the same benefit of hearing as provided in the case of a person refused an original certificate.
Proceedings under Section 337.16 for revocation of a contractor's certificate of qualification are in effect license revocation proceedings cognizable under Sections 120.52(7) and 120.60. Any inconsistent DOT procedures under Sections 337.15-.16, or under rules implementing those statutes, are replaced by Section 120.60, providing in part:
(1) Unless otherwise provided by statute enacted subsequent to the effective date of this act, licensing is subject to the provisions of s. 120.57.
Section 120.57 and Section 120.59 contemplate entry of an order of certain characteristics upon completion of Section 120.57(1) or (2) proceedings. Those statutes were not satisfied by DOT's sundry letters advising Capeletti of its intended action and of its *348 decision to suspend Capeletti's certificate of qualification. DOT does not plausibly contend that its correspondence satisfied the procedural requirements of Chapter 120. DOT urges instead that, under its rules, Section 120.57 proceedings are in the nature of an appeal from its decision reached in the free-form proceedings characterized by its exchange of correspondence with Capeletti. More particularly, DOT urges that its decision to suspend Capeletti's certificate is immediately effective, although Section 120.57 proceedings are now in progress, unless Capeletti posts a $216,000 bond to pay delay damages on pending contract awards. That argument is unfounded. In license revocation proceedings, as in other proceedings affecting a party's substantial interests, an adverse determination of a party's substantial interests is ineffective until an order has properly been entered pursuant to Section 120.59, after proceedings under Section 120.57. The only exception to that rule in license revocation proceedings is for prevention of "immediate serious danger to the public health, safety, or welfare." Section 120.60(6). DOT does not contend that such an emergency exists.
DOT's Rule 14-23.01(4)(a), Fla. Admin. Code, provides that, following a preliminary and final notice of delinquency, the affected contractor may "appeal" and have a hearing under Section 120.57(1) or (2). That rule provides:
(a) Appeals. Substantially affected parties have the right to request a hearing under 120.57 FS.
DOT thus chooses to "plow the same ground twice," once in free-form proceedings here characterized by summary correspondence, and again by Section 120.57(1) or (2) proceedings. An agency may find it convenient to integrate the two processes, see McDonald v. Department of Banking and Finance, 346 So.2d 569, 578 n. 5 (Fla. 1st DCA 1977), but that is not required. "Free-form" proceedings are nothing more than the necessary or convenient procedures, unknown to the APA, by which an agency transacts its day-to-day business. See H. Levinson, Elements of the Administrative Process, 26 Amer.L.Rev. 872, 880, 926 et seq. (1977).[1] Without summary letters, telephone calls, and other conventional communications, the wheels of government would surely grind to a halt. The vast majority of an agency's free-form decisions become conclusive because they are not challenged in Section 120.57(1) or (2) proceedings. Yet the agency's rules must clearly signal when the agency's free-form decisional process is completed or at a point when it is appropriate for an affected party to request formal proceedings, if authorized, or to accept his statutory opportunity for informally structured proceedings under Section 120.57(2). In other words, an agency must grant affected parties a clear point of entry, within a specified time after some recognizable event in investigatory or other free-form proceedings, to formal or informal proceedings under Section 120.57. Uncertainty in an agency's rules and practices on this point usually results, as is shown by our experience in the past several months, in a petition for review followed by an agency motion to dismiss on the alternative grounds that the agency has not yet taken final action or that, if it has done so, the request for Section 120.57 proceedings and the review petition are too late. We have usually resolved such confusion in favor of the affected party.
Without agency rules of procedure which are decisive on the question of the timeliness of a request for Section 120.57 proceedings, we are left with the problematic task of ascertaining from the record whether the affected party clearly waived Section 120.57 benefits following free-form agency action. Absent waiver, we must regard an agency's free-form action as only preliminary irrespective of its tenor. E.g., Couch Construction Co. v. Department of Transportation, No. II-314, supra. We find *349 no such waiver on this record. Until proceedings are had satisfying Section 120.57, or an opportunity for them is clearly offered and waived, DOT is powerless to suspend Capeletti's certificate of qualification. General Development Corp. v. Division of State Planning. 353 So.2d 1199 (Fla. 1st DCA 1978); Harris v. Florida Real Est. Comm'n, 358 So.2d 1123, 1125 (Fla. 1st DCA 1978); J.A. Jones Constr. Co. v. Department of General Services, 356 So.2d 863 (Fla. 1st DCA 1978). DOT is likewise impotent to condition Capeletti's bidding privileges, pending completion of Section 120.57 proceedings, on posting of a bond.
DOT's action is REVERSED. Because we consider that DOT had prior notice of Chapter 120 requirements, Capeletti's motion for costs and attorney's fees is GRANTED. Section 120.57(1)(b)9. Costs are assessed at $50 and attorney's fees at $1500.
MELVIN and BOOTH, JJ., concur.
NOTES
[1] Professor Levinson writes: "`Free-form' proceedings are not subject to legal requirements with regard to any of the procedural elements, although legal requirements may exist with regard to nonprocedural elements. In free-form proceedings the agency is therefore at liberty to adopt any procedure it wishes, or no procedure at all." 26 Amer.L.Rev. 872, 880 (1977).