ROBERT P. SMITH, Jr., Judge.
After being notified that the Department of Highway Safety and Motor Vehicles would cancel his dealership license on December 20, 1979, for his failure to conduct his dealership at the registered location, appellant Templeton on December 18 sent the Department a letter requesting a Section 120.57 hearing, to which he was, of course, entitled. Capeletti Brothers, Inc. v. Dept. of Transportation, 362 So.2d 346 (Fla. 1st DCA 1978). The Department misplaced the letter and cancelled Templeton’s license without a hearing. Although the purported cancelation was of no legal effect, for reasons stated in Capeletti, it placed a cloud upon and apparently deterred the routine annual renewal of Tem-pleton’s license on January 1. Moreover, Templeton apparently was subjected to criminal charges for conducting a used car business without a license during the period that elapsed before he was afforded a hearing. Templeton was given a hearing in April 1980, after which the Department on May 22 entered an order properly cancelling Templeton’s license on substantial competent evidence supporting the charge. We affirm that order, but in doing so declare, for such collateral benefit as it may be to Templeton, that until May 22, 1980 he was entitled to licensure and should be considered as having held a license notwithstanding the purported revocation of December 20, 1979, and its sequelae.
AFFIRMED.
THOMPSON, J., and WOODIE A. LILES (Retired), Associate Judge, concur.