395 So.2d 192 (1981)
Dr. Morry S. FOX, Appellant,
v.
STATE of Florida, BOARD OF OSTEOPATHIC MEDICAL EXAMINERS, Appellee.
No. SS-136.
District Court of Appeal of Florida, First District.
February 10, 1981.
Rehearing Denied April 2, 1981.
*193 Stephen Marc Slepin, of Slepin & Slepin, Tallahassee, and Harold B. Haimowitz, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Joseph Lawrence, Asst. Atty. Gen., and Ronald C. LaFace, Tallahassee, for appellee.
WENTWORTH, Judge.
Appellant Fox challenges an order of the appellee Board dated August 31, 1979, and amended on October 15, 1979, denying a petition for declaratory statement because:
1... . The issues concerned in the Petition are now before the Division of Administrative Hearings pursuant to Section 120.57, Florida Statutes, involving the Board and Petitioner. Furthermore, those same issues are presently pending before the First District Court of Appeal, again involving the Board and the Petitioner. The Board cannot interfere with the jurisdiction of those judiciary bodies in the exercise of their duly constituted jurisdiction.
2. The matters presented in Petitioner's Petition for Declaratory Statement will be reviewed by the Board at the time that a Recommended Order is received from the Division of Administrative Hearings pursuant to Chapter 120, Florida Statutes.
Other deficiencies in procedure and substance were also cited. Not noted in the order, but reflected by the record, is the filing of injunctive proceedings in the circuit court on September 5, 1979, on the same subject matter.
Since all questions posed in the petition for declaratory statement related to matters connected with the pending § 120.57 proceeding, the Board argues mootness as a result of a Department of Administrative Hearings order of September 19, 1979, dismissing those proceedings. Fox contends even the demise of those proceedings left a live controversy because the subject matter of his petition for declaratory statement "could not properly be resolved at a full fledged § 120.57 hearing by the Division of Administrative Hearings inasmuch as it was the power or jurisdiction of DOAH itself which was at issue in terms of `default' of Dr. Fox [by the Board] into the DOAH." That power and jurisdiction, however, was expressly treated in the DOAH orders in the § 120.57 proceeding, from which no appeal was taken (logically, since jurisdiction was ultimately exercised in Fox's favor). In any event, we conclude the reasoning of the court in Couch v. State Department of Health & Rehabilitative Services, 377 So.2d 32 (Fla. 1st DCA 1979), is dispositive on the point that declaratory statement proceedings, by analogy to Chapter 86, Florida Statutes, are not properly filed on issues simultaneously litigated in judicial or other administrative proceedings of the character here involved.
The order is accordingly affirmed.
JOANOS, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.