395 So.2d 1290 (1981)
George SZKOLNY, Appellant,
v.
STATE AWARDS COMMITTEE, Appellee.
No. WW-14.
District Court of Appeal of Florida, First District.
April 2, 1981.
*1291 Mary Anne Sherman of Sherman & Bieber, Gainesville, for appellant.
Jim Smith, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
PER CURIAM.
The State Awards Committee denied Szkolny's request for an award of $10,100 or, in the alternative, a 120.57(1) hearing. We reverse, holding that appellant is entitled to a formal hearing.
In March of 1977, while employed by the University of Florida College of Medicine, Szkolny suggested that the practice of obtaining a patient's signature on medicaid certificates be discontinued because the procedure was not necessary to receive reimbursement. Shands Teaching Hospital apparently adopted the suggestion and allegedly began applying for reimbursement without a patient's signature. The University Awards Committee estimated an annual savings of $101,000 and informed the appellee, the State Awards Committee, of this finding. In September 1978, appellee voted to approve an award of $10,100 which was 10 percent of the estimated annual savings authorized to be awarded a career service employee for a money-saving suggestion. However, in November 1978, appellee rescinded this approval, conducted further study, and in March 1979, informed the University Awards Committee that it disapproved the award, finding no savings resulted from appellant's suggestion because studies showed that the suggestion addressed a non-existing problem.
The chairman of the University Awards Committee wrote Szkolny, advising him of *1292 appellee's decision to reject his suggestion, and further informed Szkolny that he could request appellee to review his suggestion in accordance with Florida Administrative Code Rule 22A-12.13. His request had to be made in writing within a year of the date of the letter, which was March 13, 1979. Subsequently, there were unsuccessful attempts made to get the University Awards Committee to specially study the matter. Appellant also alleges that in the fall of 1979, the University of Florida president appointed a committee to reexamine the matter. In January 1980, the University Awards Committee recommended that Szkolny receive $100 for his "trouble". In April 1980, appellant filed his petition with the State Awards Committee, requesting a hearing or, in the alternative, an award of $10,100. This appeal is from a denial of that petition.
Szkolny urges he is entitled to a 120.57(1) hearing because the State Awards Committee is an agency which determined his substantial interests, but never informed him of a right to request a hearing. Furthermore, he points out that the committee has no rules governing requests for hearings. Appellee's position is that the State Awards Committee only recommended action to the University Awards Committee, and therefore, it did not take final agency action. Allegedly, the University Awards Committee has final authority to grant the award. Alternatively, appellee urges that Szkolny ignored an opportunity to timely demand a hearing.
The statute and rules pertaining to the awards program show that in this case the State Awards Committee took final action in disapproving the award because of zero savings. Section 110.022(4), Florida Statutes (1977) authorizes the Department of Administration, through the Division of Personnel:
To adopt and implement a program of meritorious service awards to employees who propose procedures or ideas which are adopted and which will result in eliminating or reducing state expenditures or improving operations; provided such proposals are placed in effect, or by their superior accomplishments, make exceptional contributions to the efficiency, economy or other improvement in the operations of the state government. No award granted under the provisions of this subsection shall exceed $2,000 or 10 percent of the first year's gross savings, whichever is greater, unless a larger award is made by the Legislature, and shall be paid from the appropriation available to the state agency affected by the award or from any specific appropriation therefor.
The Department acted pursuant to this authority and established a state awards program which utilizes a State Awards Committee and an Agency Awards Committee (here, the University Awards Committee) to implement the program. Chapter 22A-12, Fla. Admin. Code (Revised 1973). The State Awards Committee is clearly required to determine the actual award for each suggestion. Rule 22A-12.03(4) states:
(4) The State Awards Committee shall:
(a) By majority vote, determine the award for each suggestion that is adopted by one or more agencies, and any awards to be made for superior accomplishments in accordance with Section 22A-12.18.
(b) Review requests from employees for reevaluation of their suggestions that were not adopted by an agency head.
In contrast, the Agency Awards Committee, a committee appointed by each agency head, is required by Rule 22A-12.04(2)(b) and (c) to:
(b) Make detailed investigations and evaluations of suggestions and superior accomplishments.
(c) Make recommendations concerning suggestions to the agency head who shall make a final decision as to whether the suggestion is to be adopted within that agency.
Therefore, while unquestionably the decision to implement a suggestion rests with the Agency Awards Committee, here the University Awards Committee, it appears that the final valuation of the award *1293 rests with the State Awards Committee.[1] The responsibility of the Agency Awards Committee is only to investigate and evaluate an eligible suggestion. Whether final agency action here consisted of the rejection of Szkolny's suggestion by the University Awards Committee or a zero valuation of the suggestion by the State Awards Committee, is really a matter of semantics. Fundamentally, because the matter is far from unambiguous, we will not allow Szkolny's cause to be lost or needlessly delayed because of confusion surrounding a determination of which agency was responsible for final agency action. Here we can fairly conclude that under the rules the State Awards Committee took final action. Further, we perceive no prejudice in allowing Szkolny to pursue his hearing before the State Awards Committee. Should it develop that the University Awards Committee or the employing agency claims an interest in the matter, the APA provides for intervention. See Section 120.52(10), (11), Fla. Stat. (1979).
As to the timeliness of Szkolny's petition for a hearing, the record is clear that appellant was not notified of his right to a hearing concerning agency action in determining the amount of his award. The letter mentions only review of the suggestion. Additionally, no rules of the agency provide for a clear point of entry concerning the actions of the State Awards Committee. As we have pointed out in the past, uncertainty in this area usually results in resolving the issue of waiver in favor of the affected party. Capeletti Brothers, Inc. v. State Department of Transportation, 362 So.2d 346, 348 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla. 1979). Accordingly, because appellee does not allege any other facts concerning waiver, we find that the record does not show Szkolny waived a clear point of entry into the proceedings.
Szkolny asserts in Point II that the State Awards Committee could not rescind its decision which initially authorized the payment of $10,100. The cases cited by appellant are distinguishable. Each involved a rescinded order after a hearing or orders having a statutory finality. Here, the decision was free-form in nature. Moreover, in these circumstances, we hold that the authority of the State Awards Committee to rescind its approval would have terminated only when the award had been paid by the agency and accepted by Szkolny. It appears that the rules of the state awards program contemplate finality at this point. Rule 22A-12.02(5) provides:
The acceptance of a cash award for any suggestion adopted through the State Awards Program shall constitute an agreement by the employee that all claims, immediate and future, on the State of Florida, regardless of the use made of the suggestion, will be waived.
Additionally, 22A-12.15(3) provides:
If the first year's estimated savings were incorrect and the error resulted in overpayment of the employee, the employees shall not be required to return any portion of the award.
We can't help but note that this conclusion seems to further the best interests of the state while protecting the rights of an employee. As this case demonstrates, it may be that sometime after the decision to make an award, but before payment and acceptance, information will appear showing the award (which may be quite substantial), to be erroneous. We cannot dogmatically hold that the State is bound to pay nevertheless in such circumstances. Until rules are adopted otherwise, the State Awards Committee has control over an award granted until the award is paid to and accepted by the employee.
Because we are remanding this case for a hearing concerning the amount of savings, if any, we add (contrary to Szkolny's suggestion) that all matters up to the point of the hearing may be considered. Section 120.57(1) proceedings do not perform *1294 a review function: rather, this procedure is utilized to formulate agency action. McDonald v. Department of Banking & Finance, 346 So.2d 569, 584 (Fla. 1st DCA 1977).
Accordingly, the action of the State Awards Committee in denying Szkolny's request for a 120.57(1) hearing is reversed, and the cause is remanded for further proceedings consistent with this opinion.
McCORD, SHIVERS, and JOANOS, JJ., concur.
NOTES
[1] Clearly, awards for superior accomplishments are submitted to the State Awards Committee for final action. Rule 22A-12.18.