PER CURIAM.
The appellant, allegedly is the second lowest bidder on a certain project ad ver- *1043 tised for bids by the appellee. The appellee failed to apprise the appellant of its intention to award the contract to the lowest bidder, in accordance with the provisions of Chapter 28-5.111, Florida Administrative Rules.[1] Notwithstanding this failure, the agency refused to accord the appellant a hearing because it contended that the appellant had actual notice of the proposed award to the low bidder for a period in excess of twenty-one days; therefore, the agency did not have to give the written notice required by the rule and did not have to accord the appellant a hearing. We reverse.
The appellant requested a hearing within twenty-one days of the actual giving of a contract to the low bidder without any prior written notice from the agency. This entitled it to a hearing under the rule. The agency action denying the appellant a hearing pursuant to said rule be and the same is hereby reversed, with directions to grant the appellant such a hearing.
Reversed and remanded, with directions.

. “28-5.111 Point of Entry into Proceedings. Unless otherwise provided by law or agency rule:
(1)Persons requesting a hearing on an Agency decision which does or may determine their substantial interest shall file a petition with the Agency within twenty-one (21) days of receipt of written notice of the decision, or within twenty-one (21) days of receipt of written notice of intent to render such decision; whenever possible, an Agency shall issue a written notice of intent to render a decision prior to the decision and allow persons who may be substantially affected thereby twenty-one (21) days from receipt in which to request a hearing. The notice shall state the time limit for requesting a hearing and shall reference the agency’s procedural rules.
(2) Any person who receives written notice of an agency decision or who receives written notice of intent to render a decision and who fails to request a hearing within twenty-one (21) days, shall have waived his right subsequently to request a hearing on such matters.
(3) The Agency may publish notice of its decision, or of its intent to render a decision in the Florida Administrative Weekly, newspapers of general circulation in the area affected by such decisions and may also, where appropriate, mail copies of its notice to applicants, competitors, and interested groups. Such action by the Agency may be used in establishing petitioner’s date of receiving notice.” (emphasis added)