414 So.2d 1102 (1982)
Jeffrey R. STERMAN, Appellant,
v.
The FLORIDA STATE UNIVERSITY BOARD OF REGENTS, State of Florida, Appellees.
No. AH-240.
District Court of Appeal of Florida, First District.
May 26, 1982.
*1103 John D. Carlson of Woods, Johnston & Carlson, Tallahassee, for appellant.
Charles S. Ruberg, Associate University Atty., Florida State University, Tallahassee, for appellees.
WENTWORTH, Judge.
This case involves an appeal from an administrative order of Florida State University denying appellant's petition for an administrative hearing. In dismissing the petition the university found first that it was not timely, and second that it did not sufficiently allege the existence of a substantial interest. Appellant contends that the first conclusion was erroneous as a matter of law, and that the second was based on improper consideration of the merits of his allegations without a hearing. We reverse.
Appellant filed his petition on September 19, 1981. Since it was dismissed without a hearing, the facts as they are alleged in the petition are presumed to be true. Those facts are stated as follows:
In 1977, appellant entered a doctoral program offered at Florida State University in science education. In February, 1979, his prospectus was approved. From that time until November, 1980, he worked under the supervision of his major professor. In November, 1980, appellant defended his dissertation before his major professor and other members of his doctoral committee. Sometime thereafter,[1] he was advised by his major professor that the doctoral committee would not grant him a Ph.D. but would allow him the following options:
A. Treat his study as a pilot.
B. Take an Ed.D. degree (Doctor of Education).
C. Take a Master's Specialist degree.
Appellant accepted the second option. He secured the signatures on the cover page of his dissertation and secured the initial abstract as required by university rules and regulations. Subsequently appellant's major professor signed the "Final Term Degree Clearance Form," but the department chairman refused to allow appellant to take the Ed.D. degree and revoked the options set out above.
The order denying the petition correctly noted that the procedures were governed by § 120.57, Florida Statutes, § 120.54(10), Florida Statutes, and Fla. Admin. Code Rule 28-5. Rule 28-5.111 permits an agency to deny a petition for administrative hearing if it is not filed within 21 days of the date on which the petitioner received written notice of the agency's decision. The notice must state the time limit for requesting a hearing and refer to the agency's procedural rules.
In finding that the petition filed in September, 1981, was untimely, the university relied on certain of its records which might indicate that appellant knew as early as December, 1980, that he would not be awarded the Ph.D. degree. However, whether he was informed that he would not be awarded the Ed.D. degree under any *1104 circumstances is questionable.[2] In any event, actual notice of such agency action which did not inform petitioner of his right to request a hearing and the time limits for doing so would be inadequate to trigger the commencement of the administrative process. See Higgins v. Florida Keys Aqueduct Authority, 403 So.2d 1042 (Fla. 3d DCA 1981). The notices which the university relied on, in finding that the petition was untimely, did not provide appellant with a clear point of entry into the administrative process as the university was required to do. Capaletti v. State Department of Transportation, 362 So.2d 346 (Fla. 1st DCA 1978). The failure to conform with the procedural requirements of Fla. Admin. Code Rule 28-5.111 was a material error, which resulted in substantial unfairness when the petition was dismissed because it was not filed within the 21-day limit set out in the same rule.
As indicated above, the order also found that appellant failed to allege a violation of a substantial interest which would afford him a right to a § 120.57 hearing. This determination was based upon two conclusions, the first being that the degree transfer which petitioner claims was offered to him is not permitted under university and administrative rules. The second conclusion is "that the Petitioner has grounded his allegations of substantial interest on the assertion that he has met all of the requirements for the Ed.D. degree ..." and, relying on Board of Curators, University of Missouri v. Horowitz, 435 U.S. 78, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978), "a substantial interest in a decision based upon the assessment of a student's academic performance would not be a substantial interest within the scope of that term as used in § 120.57, Florida Statutes, with respect to invoking the procedural tool of formal or informal hearings."
The first conclusion deals with the allegation that appellant was offered the Ed.D. degree in lieu of the Ph.D. degree. Appellant's contention is that the offer was not only not prohibited by university regulations but that such transfers are common within the university. By deciding otherwise without providing appellant an opportunity to submit evidence in support of his contention, the university improperly decided an issue going to the merits of the allegations in the petition.
The second conclusion, that the substantial interest alleged is in the subjective assessment of appellant's academic performance, overlooks the substance of the petition. The interest which was in fact alleged was in a degree which had been offered and approved by authorized university officials and subsequently revoked without explanation. Thus the allegations were in no way concerned with the initial subjective judgment of his academic performance, relating instead to the alleged impropriety of the revocation. The injury alleged was the result of specified agency action, the validity of which should be determined by a hearing on the merits of the allegations in the petition.
Therefore, the case is reversed and remanded for further proceedings consistent with this opinion.
ERVIN and SHIVERS, JJ., concur.
NOTES
[1] The petition is not specific about the exact dates of the defense and the following events.
[2] Two of these records consist of memoranda circulated between the department head and the doctoral committee; one was a letter to appellant informing him that he could continue his research; and one was a copy of the failing grades appellant received for his Ph.D. courses.