PER CURIAM.
This cause is before us on administrative appeal pursuant to Section 120.68, Florida Statutes, and grounded upon the failure of appellee Parole and Probation Commission Qualifications Committee to provide minimum public information pursuant to Sections 120.53 and 120.54(5), Florida Statutes, or a hearing on this issue as required by Section 120.57, Florida Statutes. Appellee filed a motion to dismiss the appeal, contending the Parole and Probation Commission Qualifications Committee was not an “agency” as defined by Section 120.52(1), Florida Statutes, and therefore was not subject to the minimum public information requirements specified in Section 120.54(5). We agree and dismiss the appeal.
Section 947.02(1), Florida Statutes, provides for the creation of appellee Parole and Probation Commission Qualifications Committee “[wjhenever there is an appointment of a member of the [Parole and Probation Commission] to be made or a vacancy to be filled.” This section authorizes no exercise of executive power by the committee; the committee is instead an advisory body to the appointment power vested with the Governor and Cabinet pursuant to Section 947.02(1). Section 120.52(1), Florida Statutes, defines “agency” for purposes of Chapter 120 as follows:
(1) “Agency” means:
(a) The Governor in the exercise of all executive powers other than those derived from the Constitution.
(b) Each other state officer and each state department, departmental unit described in s. 20.04, commission, regional planning agency, board, district, and authority, including, but not limited to, those described in Chapters 160, 163, 298, 373, 380, and 582, except any legal entity or agency created in whole or in part pursuant to Chapter 361, Part II.
(c) Each other unit of government in the state, including counties and municipalities, to the extent they are expressly made subject to this act by general or special law or existing judicial decisions. A deputy commissioner shall not, in the *715 adjudication of workers’ compensation claims, be considered an agency or part of an agency for purposes of this act.
We hold that appellee Parole and Probation Commission Qualifications Committee is not an agency as defined by this section and is therefore not subject to the minimum information requirements of Section 120.53 and 120.54(5). Szkolny v. State Awards Committee, 395 So.2d 1290 (Fla. 1st DCA 1981), cited by appellant, is distinguishable, as the agency in that case, the State Awards Committee, was empowered to exercise final action for the Department of Administration, Division of Personnel.
Accordingly, the appeal of appellant, Florida Institutional Legal Services, Inc., is hereby dismissed.
ROBERT P. SMITH, Jr., C. J., and McCORD and BOOTH, JJ., concur.