ROBERT P. SMITH, Jr., Chief Judge.
This is a companion case to another decided today, in which we sustained against Nelson’s rule challenge, section 120.56, Florida Statutes (1979), rules of the Department of Administration (DOA) implementing section 110.233(4)(a), Florida Statutes (1979). That statute prohibits career service employees from campaigning for or holding a public office that is found by the employing agency, or by DOA, to involve an interest conflicting or an activity interfering with his state employment. Rules 22A-7.10(4)(a), 22A-13.04, Fla.Admin.Code; Department of Administration v. Nelson, 424 So.2d 852 (Fla. 1st DCA 1982).
Agreeably to DOA procedural rules implementing the statute,[1] a section 120.57(1) hearing was conducted by a Division of Administrative Hearings hearing officer, acting for the Department of Agriculture and Consumer Services (“Agriculture”), to review Agriculture’s free-form decision denying Nelson authorization to run for the Wakulla County School Board while retaining employment as a firefighter in the Division of Forestry. Between July 14 and August 15, 1980, Nelson advised his superiors that he intended to run for the school board; they informally advised him that he could not, because of possible conflicts with his state employment; Nelson took a qualifying loyalty oath as a candidate; a series of further informal meetings failed to dissuade Nelson from his candidacy, and he failed to convince his superiors that there would be no conflict or interference in his holding the office. On August 12, the Department notified Nelson, pursuant to DOA rules, that Nelson was considered as having resigned, and he was terminated as of August 15.
Nelson’s self-styled “appeal” of his “dismissal” was accepted by the Agriculture as invoking Nelson’s right to section 120.57 review proceedings pursuant to Rule 22A-13.032. Agriculture referred the matter to DOAH, whose hearing officer received evidence and entered a recommended order, adopted by Agriculture, which denied Nelson relief, finding that Nelson had failed to ask for a Rule 22A-7.10(4)(b) remedy, namely, formal APA proceedings to determine whether Nelson’s school board candidacy, or holding the office, would conflict or interfere with his state job. Companion Rule 22A-13.032(1), the hearing officer held, does not independently entitle a party to section 120.57 proceedings for the determination of that issue. At any rate, the hearing officer said, since both rules had been held invalid by his order in the companion case, Nelson had recourse before the Career Service Commission should Agriculture forfeit Nelson’s job for his having undertaken a political candidacy without permission.
In view of our decision today upholding Rules 22A-7.10(4)(a) and 22A-13.04, Agriculture was obliged to give Nelson section 120.57 proceedings determining the disputed issue of whether his candidacy for the school board, and his holding that office if successful in his campaign, would conflict with or interfere with his duties as a firefighter.
Nelson was entitled to that APA remedy, extended to him by the DOA rule implementing the controlling statute, whether or not Nelson had already qualified as a candidate before timely requesting 120.57 proceedings before Agriculture. While DOA’s rules for determining questions of conflict and interference are intended to operate prospectively if possible, enabling an affected employee to postpone his candidacy until final agency action has been taken on his request, nothing in DOA’s implementing rules suggest that the employee should lose *862 his entitlement to APA proceedings if they are not completed, or begun, by the deadline for qualifying as a candidate; indeed, the rules bear a contrary inference.[2] But if they did not bear that inference, APA concepts would dictate the same result, for conceptually an agency’s free-form action refusing an employee authorization for a candidacy is, with APA remedies timely requested and as yet unfulfilled, no agency action at all. General Development Utilities, Inc. v. Department of Environmental Regulation, 417 So.2d 1068, 1070 (Fla. 1st DCA 1982); Szkolny v. State Awards Committee, 395 So.2d 1290, 1294 (Fla. 1st DCA 1981); United States Service Industries-Florida v. State Department of Health and Rehabilitative Services, 385 So.2d 1147, 1148 (Fla. 1st DCA 1980); Graham Contracting, Inc. v. Department of General Services, 363 So.2d 810, 814-15 (Fla. 1st DCA 1978), cert. denied, 373 So.2d 457 (Fla.1979); Capeletti Brothers, Inc. v. State Department of Transportation, 362 So.2d 346, 348 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla.1979); McDonald v. Department of Banking and Finance, 346 So.2d 569, 584 (Fla. 1st DCA 1977):
Section 120.57 proceedings are intended to formulate final agency action, not to review action taken earlier and preliminarily.
Nelson was entitled to qualify as a candidate, to take his opportunity to change the agency’s mind in section 120.57 proceedings, and to assume the risk of failure.
Thus we find that the hearing officer erred in concluding that Nelson, by qualifying as a candidate in the face of Agriculture’s free-form refusal to authorize it, either waived entitlement to APA remedies to obtain that authorization or rendered those remedies “moot,” as the hearing officer put it:
[I]t is obvious that a determination by the review procedure contemplated by Rule 22A-13.032, Florida Administrative Code, is moot.... [W]hen Nelson decided to go forward with his candidacy by taking the candidate’s oath on July 22, 1980, after being advised on July 18 and July 21, 1980, that it would not be approved ... the effect of his decision was to forego the review procedure set forth in Rule 22A-13.032, Florida Administrative Code. Therefore, the only purpose which the formal hearing held in this matter has served is to confirm the factual development of this case, i.e., the fact of Nelson’s decision to run ..., the oral representations to him ... that he would not be allowed to run; his taking of the oath of candidacy ...; the ensuing discussions by various officials within the agency in an attempt to persuade him from pursuing this course, having failed to gain the necessary permission to offer his candidacy; and the eventual termination of his employment....
We find, to the contrary, that Agriculture offered Nelson unrestricted APA proceedings to determine retrospectively whether authorization for his candidacy should have been granted; that Nelson understood the offer to be as comprehensive as it was, and he undertook to show that there was neither “conflict” nor “interference” sufficient for Agriculture to deny him authorization to run; and, indeed, that the hearing officer, by findings he deemed superfluous, but which we deem decisive, found that Nelson’s proposed school board duties would in fact conflict or interfere with his duties as a state forest ranger.
Thus, Agriculture’s letter to Nelson of August 12, 1980, was clear notice to Nelson that “you are deemed to have resigned from your Forest Ranger position” for having *863 qualified as a school board candidate without authorization, but that
[s]ince your decision to qualify as a candidate was made after your request to run had been initially denied by the department and in accordance with Chapter 22A-13.032 of the Career Service Rules, you may request an Administrative Hearing toward obtaining an additional review of your situation. If you wish to make such a request, it should be submitted in writing ....
Nelson replied on August 27, requesting the “appeal” described by Agriculture. Agriculture’s general counsel forwarded the request for hearing to DOAH on August 27, noting that Rule 22A-13.032(1) “provides that the employee has a right to a Section 120.57 ... hearing .... ”
The hearing officer’s notice of hearing, issued October 31,1980, recited that the issues to be determined were:
Consideration of the dismissal of Petitioner from his employment with the Respondent and Respondent’s decision not to allow the Petitioner to qualify as a candidate for election to an office in the State of Florida.
The DOAH proceedings apparently consisted only in receiving exhibits and deposition testimony by Nelson and by his superi- or, the Division director. On this evidence Nelson considered that he had established, retrospectively, his entitlement to run for the school board office; that is to say, Nelson took the position on the evidence that holding the school board position would neither conflict nor interfere with his duties as a forest ranger. Thus, Nelson’s proposed findings of fact and conclusions of law, section 120.57(1)(b)4, recited:
12. Petitioner in this case has established that his candidacy for the local public office did not and would not involve a conflict of interest or interfere with his state employment. See Joint Exhibit 1. Petitioner indicated his willingness to leave the school board meetings if he was on call during one of the nights of the meetings. Petitioner indicated his willingness to take annual leave to attend meetings on days which he was not scheduled to be off. Based on the findings of fact, this tribunal cannot in good faith conclude that Petitioner had any conflict of interest with his state employment. The existence of a prospective possibility of conflict of interest is not enough to sustain a factual finding of conflict of interest by this tribunal. Petitioner has sustained his burden of establishing that there was no conflict of interest between his state employment and running for public office. The agency introduced not even scintilla of evidence of any actual conflict of interest. The agency introduced only evidence of a possible prospective conflict of schedules. This evidence is simply not sufficient to rebut or overcome Petitioner’s showing of no conflict of interest, nor is it sufficient to support a finding of fact of conflict of interest by this tribunal.
For reasons we have described above and found wanting, by recommended order the hearing officer remitted Nelson to the Career Service Commission for review of his termination, and found Nelson had waived or mooted an agency hearing on his entitlement to authorization to become a candidate. Nevertheless, the hearing officer did address the conflicting evidence submitted by Nelson and by Agriculture, and concluded, in findings well supported by the record, that Nelson’s candidacy and his proposed school board office would indeed conflict or interfere with his forest ranger duties:
In fact, the Petitioner’s duty assignment as a forest ranger would conflict at times with his function as School Board Member, in that some of the meetings of the School Board would be held at times when the Petitioner was actively on duty. In addition, the Petitioner is also on call and required to be available in his off-duty time should an emergency arise requiring his assistance as a forest ranger.
In view of the hearing officer’s finding of fact on this noticed and actively litigated issue, we consider that his recommended order and Agriculture’s final order have concluded, in all but the most formal terms, *864 that Nelson is not entitled retrospectively to authorization to run for or hold office on the Wakulla County School Board, because to do so would create conflicts or interference with his duties as a forest ranger. Section 110.233(4)(a), Fla.Stat. (1979); Rules 22A-7.10(4)(a), 22A-13.04, Fla.Admin.Code. Nothing would be accomplished by remanding this case either to DOAH or to Agriculture for entry of a new final order reciting that as a formality. That conclusion is “required by law,” and we so pronounce it, in consequence of findings of fact entered on substantial evidence in the recommended and final orders, after proceedings were fairly conducted under section 120.57. See section 120.68(13)(a)l. Accordingly, we construe Agriculture’s final order as final action terminating Nelson’s employment effective August 15, 1980, for having become a candidate for local public office in the face of his employing agency’s denial of authorization that was found in section 120.57 proceedings to be properly withheld. The order so construed is
AFFIRMED.
JOANOS and THOMPSON, JJ., concur.

. An employee whose request to run for office is denied by the agency head or DOA is entitled to a section 120.57 hearing before agency head or the Secretary of Administration or his designate for determination of whether approval was withheld unreasonably. Rules 22A-7.10(4)(b), 22A-13.032, Fla.Admin.Code.

. Rule 22A-13.032(3) provides:
In proceedings pursuant to this section, the employee shall bear the burden of establishing that his/her candidacy or the duties of the local public office will not involve a conflict of interest or interfere with his/her state employment. If the agency head or Secretary of Administration determines that approval was withheld unreasonably by the agency or Department, respectively, the employee may become a candidate for the requested local public office or continue to hold the local public office without terminating his/her state employment, (emphasis supplied).