PER CURIAM.
South Florida Cargo Carriers Association, Inc. and Florida Caribbean Cruise Association, Inc., petition this court for a writ of mandamus or prohibition. Because the respondent Board of Pilot Commissioners is proceeding correctly in accordance with the Administrative Procedure Act, Chapter 120, Florida Statutes, we deny the petition.
The two petitioners in this cause are nonprofit organizations which act on behalf of cargo and passenger carriers which operate in the navigable waters of Florida. They show that they filed petitions with the respondent board for a change in the rates of pilotage in the ports of Miami and Port Everglades. The petitioners alleged that the current rates are arbitrary and capricious and based on financial reports that were not sound. These pleadings before the board are styled as petitions for formal administrative hearing and petitioners have requested that the board refer them immediately to the Division of Administrative Hearings (DOAH). The board has declined this request, taking the position that chapter 21SS, Florida Administrative Code, provides for certain procedures which must be performed and complied with at this point in the process. The petitioners now come to this court seeking prohibition or mandamus, arguing that the board is without authority to so act and that it has a ministerial duty to immediately refer this matter to DOAH. It is shown that section 120.57(l)(a)l., Florida Statutes, provides that a DOAH hearing officer shall conduct all hearings for formal proceedings except for hearings before agency heads or a member thereof other than an agency head or a member of an agency head with the Department of Professional Regulation.[1] This statute clearly shows legislative intent that the board, an agency within the department, may not conduct a formal hearing in this cause. Petitioners argue that there clearly are issues of material fact in dispute. Accordingly, the matter must be referred to' DOAH within 15 days under section 120.-57(l)(b)3. Amended petitions were filed in August of this year and the board continues to adhere to its position that the matter cannot be now referred to DOAH. Petitioners argue there is nothing in chapter 310, *599 Florida Statutes, which allows the board to interpose this investigative committee process as a condition precedent to the entitlement to a section 120.57(1) formal administrative hearing and the board cannot recklessly interpret its own rules to accomplish this end, citing State, Department of Insurance v. Insurance Services Office, 434 So.2d 908 (Fla. 1st DCA 1983). Petitioners ask this court to prohibit the board from further exercising jurisdiction and/or to mandate that the petitions for rate change be referred promptly to DOAH.
Petitioners misconstrue the nature of the chapter 120 proceedings. Petitioners have styled their pleading in the lower tribunal as seeking a formal administrative hearing and a change in the rates of pilotage. However, in reality it is merely an application for relief from the board which is subject to “free form” proceedings until the agency determines its intended action. Capeletti Brothers v. State, Department of Transportation, 362 So.2d 346, 348 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla.1979). The proceedings before the board are governed by chapter 21SS of the Florida Administrative Code, as the agency contends. Once the agency determines how it will respond to the request for rate change it must provide the petitioners with a notice of intended agency action and a clear point of entry into the administrative process. Capeletti Brothers, 362 So.2d at 348. If the board’s responses to the rate change petitions are negative, this would be the proper time for the petitioners to request referral to DOAH. We find nothing in chapter 310, Florida Statutes, and administrative code chapter 21SS that suggests the ordinary chapter 120 procedure should be different in this particular proceeding. Petitioners are premature in anticipating that the board will deny their request and that there will be disputed issues of material fact.
PETITION DENIED.
ZEHMER, C.J., and MICKLE and LAWRENCE, JJ., concur.

. Now the Department of Business and Professional Regulation, see Ch. 93-220, Laws of Florida.