BENTON, J.
On these consolidated appeals by a disappointed scholarship applicant, the Department of Education (DOE) argues that section 1009.42, Florida Statutes (2003), should be construed as supplanting the Administrative Procedure Act, albeit by implication. Rejecting this interpretation of the applicable statutes, we reverse DOE’s order denying eligibility, and remand for a section 120.57 hearing. But we affirm (on grounds that differ from DOE’s) the Department’s denial of a concurrent petition for declaratory statement.
The Administrative Procedure Act presumptively governs the exercise of all authority statutorily vested in the executive branch of state government. See § 120.50, Fla. Stat. (2003) (“This chapter shall not apply to: (1) The Legislature. (2) The courts.”). There are, to be sure, exceptions and special requirements stated in the Administrative Procedure Act itself. See §§ 120.80-81, Fla. Stat. (2003). But other statutes are construed, whenever possible, “in pari materia with,” Big Bend Hospice, Inc. v. Agency for Health Care Admin., 904 So.2d 610 (2005), not as re-pealers by implication of, the Administrative Procedure Act.
Shortly after he graduated from high school in June of 2003, Daniel B. Gopman received an “unofficial final evaluation” from DOE’s Office of Student Financial Assistance, informing him that he did not qualify for a Bright Futures Scholarship because he lacked two credit hours in the same foreign language. Not until the summer of 2003, when he studied Russian at Miami-Dade Community College, did he take a foreign language course. There he completed eight foreign language credit hours, before matriculating at the Florida Atlantic University Honors College that fall.
He maintains that there was no statutory basis upon which to find him ineligible for a Bright Futures Scholarship. He also claims that he was not properly or timely informed of the Bright Futures program’s foreign language requirement; and that other requirements he had to meet as an exceptional student made it infeasible to fit a foreign language into his high school curriculum.
After DOE’s Bright Futures Reevaluation Committee rejected these contentions, *1121 he sought to appeal to the Director of DOE’s Office of Student Financial Assistance, but the Office of Student Financial Assistance forwarded the matter to another appeals committee established by the DOE in accordance with section 1009.42(1), Florida Statutes (2003). See generally Graham Contracting, Inc. v. Dep’t of Gen. Servs., 363 So.2d 810, 814-15 (Fla. 1st DCA 1978) (“These free-form proceedings may end the controversy if they are accepted as ending the controversy, but not if a substantially affected party timely invokes Section 120.57(1) or (2) remedies.”).
In addition, at about this time, he filed a petition for declaratory statement with DOE, pursuant to section 120.565, Florida Statutes, requesting that the Department identify any rules it had adopted or declare any policy it had formulated involving the designation of foreign language as a required course for a Bright Futures Scholarship; identify any basis for DOE’s determination that its foreign language requirement had to be satisfied before graduating from high school; and interpret certain statutory provisions involving, inter alia, the eligibility requirements for Bright Futures Scholarships and, in particular, Florida Academic Scholars awards. He also requested a formal administrative hearing under section 120.57(1), Florida Statutes, alleging numerous issues of disputed material fact, and arguing that DOE had failed to state adequately or to apply properly its non-rule policy regarding the eligibility requirements for a Bright Futures Scholarship.
The appeals committee ruled that he was not entitled to a hearing under the Administrative Procedure Act (while acknowledging its own inability to hear testimony under oath). In denying a section 120.57hearing, neither the committee nor DOE relied on section 120.81(l)(g), Florida Statutes (2003). By its own terms, section 120.81(l)(g) is inapposite because it applies to “substantial interests of a student ... determined by a state university or a community college,” not to decisions made by DOE itself.
On the merits, after denying the section 120.57hearing request, the appeals committee, then DOE, upheld the determination of ineligibility. DOE thereafter denied Mr. Gopman’s petition for declaratory statement on grounds that the Department’s determination of ineligibility rendered his petition for declaratory statement moot. Separate appeals taken from DOE’s order denying eligibility for a Bright Futures Scholarship, without a 120.57hearing, and from DOE’s order denying a declaratory statement were consolidated here.
Like “free form” procedures that do not have express statutory sanction, the preliminary procedures to which DOE and Mr. Gopman turned in the present case may well obviate the need for resort to the Administrative Procedure Act in the run of cases. But this does not extinguish the right to a hearing under section 120.57, nor diminish the importance of the right. Like DOT, DOE may be bound
to “plow the same ground twice,” once in free-form proceedings ..., and again by Section 120.57(1) or (2) proceedings.... “Free-form” proceedings are nothing more than the necessary or convenient procedures, unknown to the APA, by which an agency transacts its day-to-day business. See H. Levinson, Elements of the Administrative Process, 26 Amer. L.Rev. 872, 880, 926 et seq. (1977).... The vast majority of an agency’s free-form decisions become conclusive because they are not challenged in Section 120.57(1) or (2) proceedings. Yet the agency’s rules must clearly signal when the agency’s free-form decisional process is completed or at a point when it is *1122 appropriate for an affected party to request formal proceedings, if authorized, or to accept his statutory opportunity for informally structured proceedings under Section 120.57(2). In other words, an agency must grant affected parties a clear point of entry, within a specified time after some recognizable event in investigatory or other free-form proceedings, to formal or informal proceedings under Section 120.57.
Capeletti Bros., Inc. v. State, Dep’t of Transp., 362 So.2d 346, 348 (Fla. 1st DCA 1978). DOE offered no point of entry in the present case, and does not contend that it did. DOE argues instead that section 1009.42’s provision for an appeals committee, albeit with limited jurisdiction, and its creation of a similarly limited intra-agency. appeals process imply that the Administrative Procedure Act is irrelevant in the “financial aid appeal process.”
Section 1009.42 makes no mention of the Administrative Procedure Act, however. It articulates no purpose to nullify the Administrative Procedure Act with regard to DOE financial aid adjudications, declaratory or otherwise. DOE’s highly dubious, self-serving inference is no basis for an exemption to the Administrative Procedure Act. See generally State, Dep’t of Child. & Fam. Servs. v. I.B., 891 So.2d 1168, 1173 (Fla. 1st DCA 2005) (holding that a state agency “lacks th[e] self-insulating authority” to “declare itself exempt from the Administrative Procedure Act”). “An agency’s construction of a statute is not entitled to deference where the agency has erroneously interpreted a provision of law.” United Faculty of Fla. v. Pub. Employees Relations Comm’n, 898 So.2d 96, 100 (Fla. 1st DCA 2005) (citation omitted).
DOE’s argument hinges largely on this language in the statute: “The decision rendered by the committee constitutes final agency action.” § 1009.42(1), Fla. Stat. (2003). But the phrase “final agency action” must be understood in the context of a well-established body of law of which the Legislature is deemed fully cognizant, see, e.g., Crescent Miami Ctr., LLC v. Fla. Dep’t of Rev., 903 So.2d 913, 918 (Fla.2005):
[Conceptually an agency’s free-form action ... is, with APA remedies timely requested and as yet unfulfilled, no agency action at all. General Development Utilities, Inc. v. Department of Environmental Regulation, 417 So.2d 1068, 1070 (Fla. 1st DCA 1982); Szkolny v. State Awards Committee, 395 So.2d 1290, 1294 (Fla. 1st DCA 1981); United States Service Industries-Florida v. State Department of Health and Rehabilitative Services, 385 So.2d 1147, 1148 (Fla. 1st DCA 1980); Graham Contracting, Inc. v. Department of General Services, 363 So.2d 810, 814-15 (Fla. 1st DCA 1978), cert. denied, 373 So.2d 457 (Fla.1979); Capeletti Brothers, Inc. v. State Department of Transportation, 362 So.2d 346, 348 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla.1979); McDonald v. Department of Banking and Finance, 346 So.2d 569, 584 (Fla. 1st DCA 1977)[.]
Nelson v. Dep’t of Agric. & Consumer Servs., 424 So.2d 860, 862 (Fla. 1st DCA 1982). “An agency’s free-form action is regarded as preliminary, irrespective of its tenor. Capeletti Brothers Inc. v. Department of Transportation, 362 So.2d 346 (Fla. 1st DCA 1978).” Fla. Dep’t of Transp. v. J.W.C. Co., 396 So.2d 778, 785 (Fla. 1st DCA 1981).
DOE erred in failing to afford Mr. Gop-man a formal administrative hearing at which duly sworn witnesses and other evidence could have established the material facts in dispute between the parties. See Spuza v. Dep’t of Health, 838 So.2d 676, 678 (Fla. 2d DCA 2003); Mixon v. Dep’t of *1123 State, Div. of Licensing, 686 So.2d 755, 756 (Fla. 1st DCA 1997); Hernandez v. Dep’t of State, Div. of Licensing, 546 So.2d 1174, 1175 (Fla. 3d DCA 1989). At a formal hearing, too, DOE could have articulated and elucidated the non-rule policy it deems determinative here. See Rice v. Dep’t of Health & Rehabilitative Servs., 386 So.2d 844, 847 (Fla. 1st DCA 1980) (“The principal objective of many APA processes is to expose policy errors which have become habitual in an agency’s free-form routine and to subject agency heads ‘to the sobering realization [that] their policies lack convincing wisdom.... ’ McDonald v. Dept. of Banking & Finance, 346 So.2d 569, 583 (Fla. 1st DCA 1977).”).
On remand, DOE should refer this matter to the Division of Administrative Hearings unless the Florida Board of Education (or a member of the Board) decides to hear the case, see § 120.57(l)(a), Fla. Stat. (2004) (“Except as provided in ss. 120.80 and 120.81, an administrative law judge assigned by the division shall conduct all hearings under this subsection, except for hearings before agency heads or a member thereof.”), given the disputes of material fact that have been alleged. A formal administrative hearing will also afford a full opportunity to test the agency’s policies. In section 120.57(1) proceedings, the hearing officer can “independently serve[ ] the public interest by providing a forum to expose, inform and challenge agency policy and discretion.” State ex rel. Dep’t of Gen. Servs. v. Willis, 344 So.2d 580, 591 (Fla. 1st DCA 1977).
A formal administrative proceeding should be more, not less, conducive to explication of the agency policy the petition for declaratory statement sought to elucidate. Although we do not agree with DOE that its premature disposition of the main petition mooted the petition for declaratory statement, the rule is that “[declaratory statement proceedings are not properly filed on issues simultaneously litigated in judicial or other administrative proceedings.” 19 Fla. Jur.2d Declaratory Judgments § 8 (2005).
The purpose of a declaratory statement is to allow a petitioner to select a proper course of action in advance. In Chiles, the first district described the benefit of declaratory statements as avoiding “costly administrative litigation by selecting the proper course of action in advance.” Chiles [v. Department of State, Division of Elections, 711 So.2d 151, 154 (Fla. 1st DCA 1998)], cited with approval Florida, Department of Business & Professional Regulation, Division of Pari-Mutuel Wagering v. Investment Corporation of Palm Beach, 747 So.2d 374 (Fla.1999).
Further, a declaratory statement is not an appropriate remedy where there is related pending litigation, as in this case. Couch v. Florida Dept. of Health and Rehabilitative Services, 377 So.2d 32 (Fla. 1st DCA 1979). In Couch, the first district upheld a refusal to issue a declaratory statement which was based on the fact that there was already a court proceeding. See also Fox v. State, Board of Osteopathic Medical Examiners, 395 So.2d 192 (Fla. 1st DCA 1981) (appropriate to deny petition for declaratory statement where issues raised currently pending in administrative hearings).
Novick v. Dep’t of Health, Bd. of Med., 816 So.2d 1237, 1240 (Fla. 5th DCA 2002). In Fox v. State, Bd. of Osteopathic Med. Exam’rs, 395 So.2d 192, 193 (Fla. 1st DCA 1981), we said that “declaratory statement proceedings, by analogy to Chapter 86, Florida Statutes, are not properly filed on issues simultaneously litigated in judicial or other administrative proceedings” like the substantial interest hearing to which *1124 Mr. Gopman is entitled on remand. See also Padilla v. Liberty Mut. Ins. Co., 832 So.2d 916, 919-20 (Fla. 1st DCA 2002).
Accordingly, the denial of the request for declaratory statement is affirmed, but the determination that appellant is ineligible for an award as a Florida Academic Scholar is reversed, and the case is remanded for a section 120.57 hearing.
ALLEN and WOLF, JJ., concur.