969 So.2d 455 (2007)
FAIRPAY SOLUTIONS, Broadspire Services, Inc., and Crum Services, Appellants,
v.
STATE of Florida, AGENCY FOR HEALTH CARE ADMINISTRATION, and Miami Beach Healthcare Group, Ltd., d/b/a Aventura Hospital and Medical Center, Appellees.
Fairpay Solutions, Broadspire Services, Inc., Insurance Services, Inc., and RSCKO, Appellants,
v.
State of Florida, Agency for Health Care Administration, and Marion Community Hospital, Inc., d/b/a Ocala Regional Medical Center, Appellees.
Nos. 1D06-4653, 1D06-5304.
District Court of Appeal of Florida, First District.
November 15, 2007.
*456 Annemarie Craft and Tamela Ivey Perdue of Stiles, Taylor & Grace, P.A., Tallahassee; Rayford H. Taylor of Stiles, Taylor & Grace, P.A., Atlanta, for Appellants.
Garnett W. Chisenhall and Justin M. Senior, Chief Appellate Counsels, Agency for Health Care Administration, Tallahassee, for Appellee Agency for Health Care Administration.
Stephen A. Ecenia and Richard M. Ellis of Rutledge, Ecenia, Purnell & Hoffman, P.A., Tallahassee, for Appellees Miami Beach Health Care Group, Ltd., and Marion Community Hospital, Inc.
THOMAS, J.
We have for our review two consolidated appeals involving final orders entered by the Agency for Health Care Administration ("AHCA") against various workers' compensation carriers. We hold that AHCA's interpretation of section 440.13, Florida Statutes (2005), does not violate the carriers' rights under the Administrative Procedure Act because the carriers had 10 days in which to challenge the medical providers' petitions seeking higher reimbursement. We affirm.

Proceedings Below
While there are slightly different facts in the two cases, these differences are generally insignificant to the issue before us. Essentially, these cases involve disputes between the medical providers ("the hospitals") and the reimbursements they received from the workers' compensation carriers ("the carriers"). In both cases, the hospitals billed the carriers for services provided, and the carriers, after review of the charges by a third-party "medical review company," paid substantially less than the requested amount and indicated the charges and/or items they would not pay.
The process for disputing the cost of health care services provided to workers' compensation claimants is set forth in section 440.13(7), Florida Statues (2005). Specifically, the two provisions in question are subsections (a) and (b), which state the following:
(7) UTILIZATION AND REIMBURSEMENT DISPUTES.

*457 (a) Any health care provider, carrier, or employer who elects to contest the disallowance or adjustment of payment by a carrier under subsection (6) must, within 30 days after receipt of notice of disallowance or adjustment of payment, petition the agency to resolve the dispute. The petitioner must serve a copy of the petition on the carrier and on all affected parties by certified mail. The petition must be accompanied by all documents and records that support the allegations contained in the petition. Failure of a petitioner to submit such documentation to the agency results in dismissal of the petition.

(b) The carrier must submit to the agency within 10 days after receipt of the petition all documentation substantiating the carrier's disallowance or adjustment. Failure of the carrier to timely submit the requested documentation to the agency within 10 days constitutes a waiver of all objections to the petition.

(Emphasis added.) In both cases before us, the hospitals filed a petition for reimbursement under subsection (a),[1] but the carriers failed to file any response to the petition, as required under subsection (b).
AHCA ruled in favor of the hospitals in both cases, finding that under subsection (b), the carriers' failure to respond to the hospitals' petitions constituted a "waiver of all objections" to the petitions. In response, the carriers in both cases filed a petition for administrative hearing, arguing that despite their failure to file a response, they were entitled to a formal hearing under chapter 120, Florida Statutes, the Administrative Procedure Act.
In the first case of this consolidated appeal, AHCA referred the petition to the Division of Administrative Hearings (DOAH). The administrative law judge agreed with AHCA's interpretation that the carriers' failure to submit any documentation substantiating its adjustments to the reimbursement amounts constituted a waiver of all objections to the hospital's petition. Because all objections were waived, the administrative law judge granted the hospital's request to relinquish jurisdiction back to AHCA, as there could be no material issue of fact; thus, no hearing was justified. Accordingly, AHCA entered a final order adopting its earlier findings and ordered the carrier to reimburse the hospital for services rendered.
In the second case, AHCA simply entered a final order dismissing the carrier's petition for administrative hearing, citing the first case and other similar decisions, and ordered the carriers to reimburse the hospital for services rendered.

Analysis
The only argument preserved for our review that we will address is whether AHCA's interpretation of section 440.13, Florida Statutes (2005), denies Appellants' right to a hearing under the Administrative Procedure Act. Appellants, relying heavily on Gopman v. Department of Education, State of Fla., 908 So.2d 1118 (Fla. 1st DCA 2005), argue that they cannot be deprived of their right to a hearing unless the statute in question specifically exempts itself from the chapter.
In Gopman, this court explained, "The Administrative Procedure Act presumptively governs the exercise of all authority statutorily vested in the executive branch of state government," but that other statutes must be read "in pari materia with, . . . not as repealers by implication of, the Administrative Procedure Act." Id. at *458 1120; see Big Bend Hospice, Inc. v. Agency for Health Care Admin., 904 So.2d 610 (Fla. 1st DCA 2005). However, this court also stated that "an agency must grant affected parties a clear point of entry, within a specified time after some recognizable event in investigatory or other free-form proceedings, to formal or informal proceedings under Section 120.57." Gopman, 908 So.2d at 1122.
We hold that AHCA's interpretation of section 440.13, Florida Statutes, does not violate the carriers' right to an administrative hearing. Under the interpretations of both DOAH and AHCA below, AHCA has met the Gopman standard by permitting a "clear point of entry" to the carriers. Specifically, that point of entry is the statutory requirement that any objections to the petition must be put in writing and filed within 10 days of receipt of the petition. Simply put, if objections are timely raised, the carrier reserves the right to contest AHCA's findings at a later chapter 120 hearing; however, failure to comply with the statute constitutes a waiver of all objections, and with no genuine issues as to any material fact, DOAH must relinquish jurisdiction back to AHCA. § 120.57(1)(i), Fla. Stat. (2005) ("An order relinquishing jurisdiction shall be rendered if the administrative law judge determines from the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting and opposing affidavits, if any, that no genuine issue as to any material fact exists."). It should be noted that here, it was the carriers' failure to act that resulted in the denial of Appellants' request for hearing.
We agree with AHCA's interpretation that a carrier's failure to file a response to a provider's petition serves as an absolute bar to raise any defense under section 440.13(7)(b). The plain language of the statute clearly demonstrates that the burden is on the carrier to provide the agency with documents supporting their reimbursement decision, not on the agency to request such documents. We find that the phrase "the requested documentation" in the second sentence of subsection (b) refers back to the phrase "all documentation substantiating the carrier's disallowance or adjustment" in the preceding sentence.
We decline to address any other issues raised by Appellants and AFFIRM the decisions reached below.
WOLF and POLSTON, JJ., concur.
NOTES
[1] We note that in the second case, AHCA initially rejected the hospital's petition due to missing documents, but once the documents were provided, AHCA accepted the petition.