FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2024-0471
_____

ADN GLOBAL, LLC,

    Appellant,

    v.

FLORIDA DEPARTMENT OF
REVENUE,

    Appellee.

_____

On appeal from the Department of Revenue.
Mark S. Hamilton, General Counsel.


July 9, 2025


PER CURIAM.

    ADN Global, LLC, appeals the Department of Revenue's denial of its petition for an evidentiary hearing to determine whether it received a Notice of Decision (NOD) to challenge a tax assessment. We reverse.

    The Department sent ADN a notice of a proposed tax assessment following an audit. ADN timely protested the assessment a month later in accordance with Florida Administrative Code Rule 12-6.003(1). The Department reviewed the protest, affirmed the assessment, and issued a NOD under Rule 12-6.003(3)(b) on March 16, 2022. ADN had thirty days from

the date of issuance to seek reconsideration of the NOD. *See* Fla. Admin. Code R. 12-6.003(4)(a)1.

ADN, however, asserted that it did not receive the NOD until July 11, 2022—well beyond the thirty days to seek reconsideration. ADN was told any request for reconsideration would be deemed untimely. ADN sought a hearing pursuant to chapter 120 to establish whether it was afforded a valid point of entry to the administrative process. Nine months later, the Department dismissed the petition without an evidentiary hearing, concluding that ADN waived its right to seek reconsideration. ADN appeals that decision.

"An agency must grant affected parties a clear point of entry, within a specified time after some recognizable event in investigatory or other free-form proceedings, to formal or informal proceedings under Section 120.57." *Henry v. State Dept. of Admin., Div. of Retirement*, 431 So. 2d 677, 680 (Fla. 1st DCA 1983) (quoting *Capeletti Brothers, Inc. v. State, Dept. of Transp.*, 362 So. 2d 346, 348 (Fla. 1st DCA 1978)). Further, "[w]aiver is not a concept favored in the law, and must be clearly demonstrated by the agency claiming the benefit." *Id.* Based on this record, it cannot be said that the Department met its burden.

The parties dispute whether ADN received the NOD, therefore, an evidentiary hearing must be held to determine whether the NOD was indeed received. *See Mr. Comfort Furniture Corp. v. Dept. of Revenue*, 335 So. 3d 193, 194 (Fla. 1st DCA 2022); *Campbell v. Dept. of Health*, 233 So. 3d 488, 489–90 (Fla. 1st DCA 2017).

Accordingly, the action is REVERSED and REMANDED for an evidentiary hearing.

LEWIS, BILBREY, and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Joseph C. Moffa and Jonathan W. Taylor of Moffa, Sutton, & Donnini, P.A., Fort Lauderdale, for Appellant.

James Uthmeier, Attorney General, and William Folsom, Senior Assistant Attorney General, Tallahassee, for Appellee.