346 So.2d 551 (1977)
FLORIDA EDUCATION ASSOCIATION/UNITED, Petitioner,
v.
PUBLIC EMPLOYEES RELATIONS COMMISSION, Respondent.
No. BB-246.
District Court of Appeal of Florida, First District.
January 26, 1977.
*552 Sidney L. Matthew, Tallahassee, Tobias Simon & Elizabeth duFresne, Miami, for petitioner.
Jack L. McLean, Jr., Tallahassee, for respondent.
James Newton Wilhoit, III, Michael Egan and William S. Roberts, Cass D. Vickers, Thompson, Wadsworth, Messer, Turner & Rhodes, Tallahassee, Frank A. Howard, Jr., and Phyllis O. Douglas, Miami, John W. Caven, Jr., Jacksonville, amicus curiae.
MILLS, Judge.
The Florida Education Association/United (United) petitioned the Florida Public Employees Relations Commission (Commission) to adopt the following fair share rule:
"All public employees who are not members of the exclusive representative may be required by said representative to contribute a fair share fee for services rendered by the exclusive representative and the employer upon notification by the exclusive representative of such employees shall be obligated to check off said fee from the earnings of the employee and transmit the same to the exclusive representative. In no instance shall the required contribution exceed a pro rate share of the specific expenses incurred for services rendered by the representative in relationship to negotiations and administration of grievance procedures."
The Commission denied the petition and United seeks a review. The issue presented to us is whether the proposed fair share rule is prohibited by the Constitution of Florida.
The proposed rule would require non-union public employees to pay the union a pro rata share of bargaining costs as a condition of employment. Non-union employees would be required to pay their fair share for representation by the union which they did not request and do not want. The employer would deduct the fair share assessment without the employee's request. The employee would have two choices, accept and pay his or her fair share assessment to the union or look for another job. This is prohibited by Article I, Section 6 of the Florida Constitution which provides that:
"The right of persons to work shall not be denied or abridged on account of membership or non-membership in any labor union or labor organization... ."
Anything which imposes a charge upon the free exercise of a right abridges the use and enjoyment of the right. Section 6 of Article I gives the working person a right to join or not to join a union without jeopardizing his or her job. The proposed rule is repugnant to the provisions of Section 6 because it would require non-union employees to purchase a right which the Constitution gives them. Schermerhorn v. Local *553 1625 of Retail Clerks International Association, 141 So.2d 269 (Fla. 1962).
Although United recognizes that an agency shop provision is prohibited by the Constitution, it contends that a fair share provision is not. This contention is without merit. Both an agency shop agreement and a fair share agreement provide that employees are free to refrain from union membership. However, under agency shop non-union employees must pay to the union an amount equal to union dues and fees as a condition of employment, whereas under fair share non-union employees must pay to the union a pro rata share of bargaining costs as a condition of employment. The required payment of a fee by a non-union employee to the union for the purpose of aiding the union in defraying bargaining costs is of bookkeeping significance only and is not a matter of real substance. Retail Clerks, Local 1625 v. Schermerhorn, 373 U.S. 746, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963). There is no real difference between agency shop and fair share. The proposed rule is no less offensive to the Constitution because it requires non-union public employees to contribute only a pro rata share of bargaining costs rather than the equivalent of a month's union dues. Both are prohibited by the Constitution.
We have entertained United's petition for review because the Commission's order was final agency action on United's petition to the Commission to adopt a fair share rule. United was permitted to submit its petition for adoption of a fair share rule and the Commission was authorized to consider it because Section 120.54(5), Florida Statutes (Supp. 1976), provides in part:
"Any person regulated by an agency or having a substantial interest in an agency rule may petition an agency to adopt, amend, or repeal a rule... . The petition shall specify the proposed rule and action requested. Not later than 30 calendar days after the date of filing a petition, the agency shall initiate rule-making proceedings under this act, otherwise comply with the requested action, or deny the petition with a written statement of its reasons for the denial."
In denying United's petition, the Commission expressed the view that the proposed fair share rule violated the Constitution as we have found. It was proper for the Commission to consider the constitutional question because this question was inseparable from the question of whether to adopt the rule. When an agency thus considers the constitutional implications of a rule proposed to it under Section 120.54(5), it does not violate the doctrine of separation of powers or invade the judicial function. Article II, Section 3, Florida Constitution. To be distinguished, therefore, are State of Florida, Dept. of Admin., Div. of Personnel v. State of Florida, Dept. of Admin. Hearings, et al., 326 So.2d 187 (Fla.1st DCA 1976); and Dept. of Revenue v. Young American Builders, 330 So.2d 864 (Fla. 1st DCA 1976).
In entertaining this petition for review, we recognize that the issue before us is not strictly whether the Commission erred in refusing to adopt the rule proposed by United. This court has no authority to compel agency adoption of a rule representing a policy choice in the area of the agency's statutory concern. Our authority to review an agency decision against a proposed rule is therefore quite limited. But where, as here, the agency has on constitutional grounds declined authority to adopt the rule and has so stated, we will review to that extent the agency's final action on petition by an aggrieved party. Judicial review of an agency's refusal to act is in these circumstances essential, else there be no remedy for an agency's ill-conceived refusal to make policy choices which are constitutionally available to it.
The petition for review is denied.
McCORD, Acting C.J., and SMITH, J., concur.