MILLS, Judge.
Petitioners seek review of a final order of the respondent, Division of Administrative Hearings, contending that the hearing officer erred in ruling that certain prevailing wage determinations made by the Division of Labor were rules under the Administrative Procedures Act.
Respondent, Biltmore Construction Company, entered into a contract with the City of Tampa to construct a water treatment facility for the City. The prevailing wage rate determinations prepared by the Division of Labor were incorporated in and made a part of the contract as required by Section 215.19, Florida Statutes (1975). Work on the project commenced shortly after the contract was signed on 20 April 1976. In January 1977, some of the petitioners, employees of Biltmore, filed affidavits with the City that they were not being paid the prevailing wage rate. An attempt by the City to resolve the dispute failed. Biltmore then filed a petition with the Division of Administrative Hearings seeking a determination that the wage rate determinations were invalid rules.
At the hearing of this case, the hearing officer permitted the transcript of the case of Matthews Corporation v. Department of Commerce, previously heard by him, to be received in evidence and his final order stated that the issues in the Matthews case and this case were identical. Quoting extensively from his order in the Matthews case, the hearing officer ruled as he ruled in the Matthews case, the wage rate determinations were invalid rules.
We agree with the hearing officer that the facts and the issues in this case are similar to those in the Matthews case. But as he did in the Matthews case, he did in this case, he erred in ruling that the wage rate determinations were rules. This case is controlled by our recent decision in State of Florida, Department of Commerce, Division of Labor v. Matthews Corporation, 358 So.2d 256 (Fla. 1st DCA 1978), in which we held that wage rate determinations applicable to public construction contracts are not rules because each determination is applicable only to construction of the particular public building specified in the determination and has no prospective application to any other contract. Because they are not rules, the wage rate determinations are not subject to an attack of invalidity on the ground they were not adopted pursuant to Section 120.54, Florida Statutes (1975).
*444 Petitioners urge that Biltmore was not substantially affected by the prevailing wage rate determinations within the meaning of Section 120.56, Florida Statutes (1977). We need not reach this issue because we have held the wage rate determinations are not rules.
Petitioners also argue that Biltmore was estopped from seeking a determination that the wage rate determinations were invalid rules. Again, we need not reach this issue because we have held that wage rate determinations are not rules.
The petition for review is granted and the final order is reversed.
McCORD, C. J., and BOYER, J., concur.