DANIEL S. PEARSON, Judge.
L.R. appeals the Final Order of the Department of State denying his petition for an administrative hearing to review the Division of Archives’ approval of the Dade County School Board’s Records Retention Schedule. The petition was denied based on the legal conclusion that the issues raised by the appellant were not yet ripe and that the proper time for him to seek review is when, if ever, the School Board notifies the Division of Archives of its intent to actually destroy the records. We reverse the order and remand the cause with directions that the petition for an administrative hearing be entertained at this time.
I.
At the time of the proceedings below, L.R. was thirteen years old and a seventh grade student in the Dade County Public School system. He has been enrolled in the Dade County Public Schools since kindergarten, and during that period has spent considerable time in exceptional education classes. On several occasions L.R.’s mother requested that School District staff reevaluate him and reconsider his academic placement; she complained that L.R. has been improperly diagnosed and/or improperly placed in the exceptional education programs in which he participated. She has contended further that her son’s education progress has been delayed, and his ability to behave appropriately in school has deteriorated.
School Board personnel have been involved in the evaluation and placement of L.R. since he first enrolled in the Dade County Public Schools. L.R.’s mother contemplates a full investigation of the evaluations and placement decisions which have significantly affected her child’s education. That investigation will likely include a review of complaints brought by other students and parents against School Board personnel involved in L.R.’s educational program. The record of complaints and investigations made pursuant to those complaints are contained in personnel files which are public records under Section 231.291(3)(a)(l), Florida Statutes (1983).
II.
The Public Records Law authorizes the Division of Archives, History and Records Management to determine when a government agency may destroy public records and how long the agency is to keep the records. § 119.041, Fla.Stat. (1983). The procedures which the Division is to follow in the retention/destruction determination are set out in Section 267.051, Florida Statutes (1983). Under this statute, the government agency submits to the Division a schedule of records that it states are not needed and should be destroyed. The Division then determines if the records “have sufficient administrative, legal or fiscal significance to warrant further retention by the agency.” § 267.051(5), Fla.Stat. (1983). If retention is not warranted, then the Division approves the agency’s schedule. The agency must thereafter seek Division approval before destroying any records described in the already-approved schedule. § 267.051(6), Fla.Stat. (1983).[1]
*124 On March 30, 1984, the School Board filed its Request for Records Retention Schedule No. 146. The School Board made this request pursuant to one of its rules which requires Division approval of the Schedule for the destruction of School Board records which pertain to the investigation of complaints made about school personnel. The Division approved the Schedule on June 25, 1984.
On July 13, 1984, L.R. filed a petition seeking administrative review and formal hearing pursuant to Section 120.57, Florida Statutes (1983), of the Division’s approval of the School Board’s Request for Records Retention Schedule No. 146. Upon motion of the State Department, the administrative hearing officer to whom the matter was assigned recommended that L.R.’s petition be dismissed as prematurely brought, that is, before “matters progressed to a stage at which persons may be substantially affected.” The Department, adopting the hearing officer’s recommendation, concluded that L.R. has a right to a Section 120.57 hearing only when the matter ripens “into a stage of proposed agency action that has or will have an effect on the substantial interests of the person.”
III.
The Administrative Procedure Act ensures that state agencies such as the State Department provide affected parties with the opportunity for a hearing to review agency action. § 120.57(1), Fla.Stat. (1983). See Fla.Admin.Code Rule 28-5.111. In Capeletti Brothers, Inc. v. State, Department of Transportation, 362 So.2d 346, 348 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla.1979), the court held that an agency “must grant affected parties a clear point of entry” to Section 120.-57 proceedings “within a specified time after some recognizable event in investigatory or free form proceedings.” The clear point of entry requirement enables affected parties to have a meaningful opportunity to request and obtain review. See also Henry v. State Department of Administration, Division of Retirement, 431 So.2d 677 (Fla. 1st DCA 1983); General Development Utilities, Inc. v. Florida Department of Environmental Regulation, 417 So.2d 1068 (Fla. 1st DCA 1982); Sterman v. Florida State University Board of Regents, 414 So.2d 1102 (Fla. 1st DCA 1982).
In its Final Order, the State Department adopted the hearing officer’s conclusion of law that “when the School Board gives notice of intent to destroy scheduled records,” L.R. “will have an opportunity to invoke the administrative process ... pursuant to Section 120.57(1).” Indeed, although not legally required to do so, the School Board has committed itself to serving L.R. with a copy of this notice so as to assure that he is actually notified. In our view, this gratuitous gesture by the School Board, although certainly improving the quality of notice, misses L.R.’s point.
As we understand his argument, it is that he wants to be heard on the question of how long the School Board should retain teachers’ records, not the question of whether a particular record should be destroyed. He says that simply providing him a point of entry to challenge the destruction of a particular record is not effectual. He argues that were he allowed an administrative hearing to review the approved School Board policy of how long records should be retained, he would show
“that a records destruction policy based on five and ten years is completely unrelated to the purpose for which the State Legislature converted personnel investigative records into public records. *125 These terms of years are arbitrary and are unresponsive to the interests of students and parents who want to obtain information about the school personnel with whom they come into contact. An appropriate records destruction policy either would tie the retention of records to the career of the staff person, destroying records after the individual ceased to work in the public schools or would set a term of years, like the Department’s Personnel File retention period of 75 years, which is more than long enough to cover a staff person’s career.”
He argues further that notifying him of the intended destruction of, for example, the personnel file of teacher John Doe, when he has never yet had John Doe for a teacher but may have him for a teacher in the future, is meaningless. He correctly points out that he should have the opportunity to contend at a meaningful time that
“[t]eachers and administrators often stay in the public school system for many years and subsequent students and parents should have access to those complaints and investigations when they have concerns about the same school system staff. If the records of complaints and investigations are preserved, then students and parents might learn that there has never been a similar concern expressed about that staff person by a student or parent or that their concerns are similar to others which have been repeatedly voiced. With access to public records on complaints and investigations which span a staff person’s career, students and parents will be better informed and can take more responsible action as advocates for quality education.”
We thus conclude that the point of entry provided to L.R. comes too late to be meaningful on the issue of how long records should be retained. That the point of entry promised to L.R. may be meaningful on the issue of whether a particular teacher’s records should be destroyed is quite beside the point.
Reversed and remanded, with directions that L.R. be afforded an administrative hearing to review the Division of Archives’ approval of the Dade County School Board’s Records Retention Schedule.

. The State Department has promulgated regulations to further clarify the Division’s procedures in this regard. Pursuant to those regulations, an agency files a Request for Records Retention Schedule with the Division to obtain an approval of its plan to retain and destroy documents. Fla.Admin.Code Rule 1A-24.04. At that time, the Division reviews the schedule in light of the agency’s function, Florida statutes, administrative rules, operating procedures, and relevant federal regulations. Fla.Admin.Code Rule 1A-24.06(1). Upon approval, the Schedule “be *124 comes the official retention [schedule] for the agency." Fla.Admin.Code Rule lA-24.07(2). The agency files a Notice of Intent to Destroy Scheduled Records in order to obtain approval for the destruction of records, § 267.051(6), Fla. Stat. (1983), and Fla.Admin.Code Rule 1A-24.10. When the Division receives this Notice, the Division reviews it to insure that the Notice is properly signed, that an approved Schedule exists, that the Notice complies with the Schedule, that the Schedule "is not in conflict with the requirements of any law or any other relevant and appropriate information before the Division,” and that the Auditor General's Office has no objection. Fla.Admin.Code Rule 1A-24.11.