490 So.2d 1318 (1986)
BAYONET POINT HOSPITAL, INC., d/b/a Bayonet Point/Hudson Regional Medical Center, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. BH-482.
District Court of Appeal of Florida, First District.
June 25, 1986.
*1319 Donna H. Stinson of Moyle, Flanigan, Katz, FitzGerald & Sheehan, P.A., Tallahassee, for appellant.
Richard A. Patterson, Gen. Counsel, Tallahassee, for appellee.
MILLS, Judge.
Bayonet Point Hospital, Inc. appeals from the denial of its petition to amend a rule, filed pursuant to Section 120.54(5), Florida Statutes (1984 Supp.). We affirm.
On 6 June 1985, Bayonet Point filed with the Department a petition to amend Rule 10-5.11(15), F.A.C., which sets forth the standards for the issuance of certificates of need (CON) to cardiac catheterization laboratories. The petition alleged that the rule's accessibility and need methodologies were outdated and should be replaced. It concluded with the statement that "if HRS intends to deny the request, the hospital requests assignment to a hearing officer for formal proceedings pursuant to Section 120.57(1) regarding its request."
On 28 June 1985, the Department entered its final order denying the petition. As required by Section 120.54(5), it provided a written statement of its reasons for the denial, namely that "the current rule provides rational, equitable and effective criteria against which applications for certificates of need for the establishment of cardiac catheterization laboratories are to be evaluated." The order went on to say that "questions of the ... content of a particular administrative rule are a matter of agency discretion, and there is no legislative or other requirement that the proposed amendments be adopted." No ruling was made on the request for a Section 120.57(1) hearing.
Bayonet Point argues first that the Department erred in failing to set forth in its final order findings of fact and conclusions of law pursuant to Section 120.59, or to adequately explain its denial. Section 120.54(17), Florida Statutes (1984 Supp.), provides that "[r]ulemaking proceedings shall be governed solely by the provisions of this section unless a person timely asserts that his substantial interests will be affected in the proceeding and affirmatively demonstrates to the agency that the proceeding does not provide adequate opportunity to protect those interests" (emphasis supplied). Because no such showing was made herein, the agency, in denying the petition, had only to follow the dictates of Section 120.54, subsection (5) of which requires a "written statement of reasons" for a denial, not findings of fact and conclusions of law.
There is no case authority addressing the sufficiency of those written reasons, although Rule 28-3.13, F.A.C., provides that *1320 "[i]f the agency determines that rulemaking should not be initiated, a written statement setting forth, with particularity, the reasons for such determination shall be provided to the petitioner" (emphasis supplied). In this case, the agency stated that the current rule was "rational, adequate and effective" in evaluating CON applications and that, because no legislative mandate required the implementation of the proposed amendments, the content of the rule was within its discretion. We find these reasons sufficient to satisfy Section 120.54(5).
The agency rulemaking function involves the exercise of discretion and this court will not substitute its judgment for that of the agency on an issue of discretion, unless the statutes mandate the adoption of the requested rule. Citizens of Florida v. Mayo, 357 So.2d 731, 733 (Fla. 1978). There is no contention herein that the hospital's proposed changes are so mandated. Further, although this court held in FEA/United v. PERC, 346 So.2d 551 (Fla. 1st DCA 1977) that it would review an agency's determination that it was without authority to issue a particular proposed rule, it had "no authority to compel agency adoption of a rule representing a policy choice in the area of the agency's statutory concern." FEA at 553. Here, the agency exercised its discretion not to amend the rule as requested and we must affirm.
The hospital further alleges as error the Department's denial of its request for a hearing pursuant to Section 120.57(1). Because the hospital failed to make the affirmative demonstration required by Section 120.54(17), its petition was governed solely by Section 120.54, which does not require a hearing, formal or otherwise, on petitions for rulemaking.
Affirmed.
WENTWORTH and NIMMONS, JJ., concur.