PER CURIAM.
This is an appeal by Friends of the Everglades, Inc. and one of its members (hereinafter Friends) from the denial by the Department of Community Affairs (the Department) of Friends’ petition for a hearing to challenge a memorandum, known as a consistency letter, prepared by the Department for transmission to Monroe County, Florida. Concluding, once again, that Friends has failed to show that a later point of entry into an agency proceeding will not provide it with a meaningful opportunity to be heard, see Friends of the Everglades, Inc. v. State of Florida, Florida Game and Fresh Water Fish Commission, 491 So.2d 1257 (Fla. 3d DCA 1986); Friends of the Everglades, Inc. v. South Florida Regional Planning Council, 456 So.2d 491 (Fla. 3d DCA 1984), we affirm the Department’s ruling.
The memorandum upon which Friends sought to be heard was prepared by the Department, a state land planning agency, after its review of the Proposed Local Comprehensive Plan of Monroe County, Florida. As required by statute, see § 163.3184, Fla. Stat. (1985), the Department’s review of the proposed plan included assembling the comments of various state agencies, and its consistency letter included the Department’s comments on, objections to, and suggestions and recommendations concerning the plan. The consistency letter was duly transmitted to Monroe County, and several weeks later, Friends filed a petition for a hearing.
The Department maintains, and we agree, that the consistency letter does not affect the substantial interest of Friends (and thus does not constitute agency action requiring a hearing) since Section 163.-3184(6), (7), Florida Statutes, permits the proposer of the plan, Monroe County, to reject, without the slightest consequence, any or all of the recommendations contained in the consistency letter.[1] Stated otherwise, because the consistency letter is not binding on Monroe County, it constitutes neither an order nor a rule, as it must, to entitle an affected party to a hearing.[2] Friends’ counterargument, as we understand it, is that the consistency letter substantially affects its interest because Monroe County, although not legally required to do so, would, in fact, rely on the Department’s recommendations in adopting the proposed plan, and any post-adoption challenge would not be meaning *1195 ful due to the perceived political difficulties in rescinding an adopted plan.[3]
If indeed it appeared in the record before us that the burden on Friends of challenging the consistency letter somehow increased after the adoption of the plan, then, since the polestar governing the point of entry is whether the proceeding is meaningful, see L.R. v. Department of State, Division of Archives, History and Records Management, 488 So.2d 122, 124 (Fla. 3d DCA 1986), it might be said that if the choice must be made between a premature but meaningful pre-adoption challenge and a ripe but less meaningful post-adoption challenge, the former should prevail. Here, however, Friends has utterly failed to show that the intervening event of the adoption of the plan will make its eventual challenge to the consistency letter qualitatively more difficult, and we cannot assume, much less take judicial notice, as Friends apparently would have us do, that, as a matter of “political reality,” this is so. Thus, there being no showing that Friends would be prejudiced by not having a point of entry into agency proceedings before adoption of the plan, and that a post-adoption point of entry is not meaningful, the petition for a hearing on the consistency letter was properly denied, and that denial is hereby affirmed. See Friends of the Everglades v. State of Florida, Florida Game and Fresh Water Fish Commission, 491 So.2d 1257 (petition for hearing properly dismissed where petitioner failed to show prejudice in being denied point of entry prior to public hearing in permit proceeding between land developer and Commission). See also Friends of the Everglades v. South Florida Regional Planning Council, 456 So.2d 491 (petition for hearing premature where Planning Council’s staff activities did not determine substantial interest, involve the entry of a rule or order, or preclude meaningful entry into the agency’s decision-making process). Cf. Bayonet Point Hospital v. Department of Health and Rehabilitative Services, 490 So.2d 1318, 1319 (Fla. 1st DCA 1986) (under Section 120.54, Florida Statutes (Supp. 1984), rulemaking proceedings are solely governed by the section unless a person “affirmatively demonstrates to the agency that the proceeding does not provide adequate opportunity to protect [the person’s] interests”).
Affirmed.

. At oral argument, the Department suggested that the proper point of entry for Friends was a hearing after the Department approves the plan by rule and the Governor and cabinet, sitting as the Administrative Commission, adopt portions of the plan by rule. After oral argument, Friends asked this court to judicially notice that the Department, in unrelated proceedings, had moved to dismiss for lack of standing a similar challenge and was being thus disingenuous with the court. But an attack on a petitioner's standing does not necessarily mean, as Friends apparently believes, that the petitioner is without standing because no substantial interest has been affected at the particular time; it may also mean that the particular petitioner is without standing as having no cognizable interest at any time in the action sought to be reviewed.

. The difference between an order and a rule is that a rule is a statement of general applicability, see McDonald v. Department of Banking and Finance, 346 So.2d 569, 580 (Fla. 1st DCA 1977); § 120.52(15), Fla.Stat., while an order "is a final agency decision which does not have the effect of a rule,” § 120.52(10), Fla.Stat. Apparently, the primary difference is that an order determines only the rights of a party and is not of general application. Cf. Neff v. Biltmore Construction Co., 362 So.2d 442 (Fla. 1st DCA 1978). The effect of an agency action rather than its title is determinative of whether it is an order. See Harris v. Florida Real Estate Commission, 358 So.2d 1123 (Fla. 1st DCA), cert. denied, 365 So.2d 711 (Fla.1978).

. Friends also challenges the process by which the consistency letter came into being, alleging a variety of insidious actions on the part of the Department. Challenges to the process quite obviously differ from challenges to the contents of the letter, but even if an administrative hearing can encompass a challenge to the process, the meaningful point of entry would not differ.