## RUSSELL v DEPARTMENT OF STATE, DIVISION OF LIBRARY AND INFORMATION SERVICES

Case No. 84-2707

State of Florida, Division of Administrative Hearings

July 1, 1987

### APPEARANCES OF COUNSEL

Mitchell A. Horwich for petitioner.

Thomas G. Tomasello for respondent.

Phyllis O. Douglas for intervenor School Board of Dade County.

Elizabeth F. duFresne for intervenor United Teachers of Dade.

### OPINION

DONALD R. ALEXANDER, Hearing Officer.

Pursuant to notice, a formal hearing was held before the Division of Administrative Hearings by its duly designated Hearing Officer, Donald R. Alexander, on May 18, 1987 in Miami, Florida.

## BACKGROUND

This matter began when respondent, Department of State, Division of Library and Information Services (Division), issued proposed agency action on June 18, 1984 approving a request for a records retention schedule filed by intervenor, School Board of Dade County (SBDC).[1] The retention schedule pertained to teacher investigative files maintained by the SBDC, and prescribed the time periods they must be maintained before destruction. Thereafter, petitioner, Lennie Russell, filed a petition for formal hearing to contest this action.[2] The matter was forwarded by respondent to the Division of Administrative Hearing on July 24, 1984 with a request that a hearing officer be assigned to conduct a hearing.

By notice of hearing dated September 6, 1984 a final hearing was scheduled for February 21, 1985 in Miami, Florida. Prior to hearing, motions to intervene were filed by SBDC and intervenor, United States of Dade (UTD). These were granted by order dated February 6, 1985. At the request of the parties, the matter was continued to April 24, 1985. On March 8, 1985, a recommended order was entered granting respondent's motion to dismiss the petition on the ground petitioner lacked standing. A final agency order adopting the recommended order was entered on June 8, 1985. On appeal, the agency order was reversed, and the matter remanded with instructions that petitioner "be afforded an administrative hearing to review the Division of Archives' approval of the Dade County School Board's Records Retention Schedule." *L.R. v. Department of State, Division of Archives, History and Records Management,* 488 So.2d 122, 125 (Fla. 3d DCA 1986). The matter was thereafter rescheduled for final hearing on November 6, 1986 in Miami, Florida. The case was then reassigned from Hearing Officer Benton to the undersigned hearing office in October, 1986. At the parties' request, the hearing on November 6, 1986 was cancelled and the case held in abeyance pending efforts by the parties to reach an amicable settlement. When none was achieved, the final hearing was rescheduled for May 18, 1987 in Miami, Florida.

---

[1] When this case arose, the Division was named the Division of Archives, History and Records Management.

[2] At final hearing, petitioner stated through counsel that he now wished his full name to be used. Prior to this, only his initials had been used.

At final hearing, petitioner presented the testimony of his mother, Jessie Williams, and Martha A. Boden, executive director for program services with the SBDC's department of exceptional student education. He also offered petitioner's exhibits 1 and 2 which were received in evidence.

Respondent presented the testimony of Eileen Sherloch-Self, a Division management analyst supervisor, and James H. Berberich, chief of the Division's bureau of archives and records management, and offered respondent's exhibits 1-4 which were received in evidence. Intervenor SBDC presented the testimony of Dr. D. Patrick Gray, assistant superintendent for the office of professional standards. Intervenor UTD presented the testimony of Yvonne Burkholtz, director of UTD's legislative and political relations, and offered intervenor exhibit 1 which was received in evidence. In addition, joint exhibit 1 was received in evidence.

A ruling on intervenors' motion to dismiss the petition for lack of standing was reserved, and is dealt with in this Recommended Order.

The transcript of hearing was filed on June 4, 1987. Proposed findings of fact and conclusions of law were filed by intervenors on June 25 and by petitioner and respondent on June 26, 1987. A ruling on each proposed finding is made in the Appendix attached to this Recommended Order.

The issue is whether SBDC's record retention schedule (No. 146) should be approved.

Based upon all of the evidence, the following findings of fact are determined:

## FINDINGS OF FACT

1. At all times relevant hereto, petitioner, Lennie Russell, was a student in the public school system of Dade County, Florida. He is now fifteen years old and is classified as an emotionally handicapped student with a learning disability. At the time of final hearing, he was in Youth Hall, a detention center, where he had been for the last three or four months. Just prior to that, he was assigned to Jann Mann Opportunity School-North, a school having an educational alternative program designed to meet the needs of students who are disruptive, disinterested or unsuccessful in a normal school environment. The latter school is under the jurisdiction of intervenor, School Board of Dade County (SBDC). He has been in the SBDC school system since kindergarten.

2. Pursuant to law, the SBDC maintains two types of teacher files:

personnel and investigative. By local school board rule the SBDC has defined the contents of a personnel file as follows:

All records, information, data or material maintained by the School Board, in any form or retrieval system, with respect to any employee or former employee, which is uniquely applicable to the employee, whether maintained or store in one or more locations.

An investigative files contains:

investigated cases of alleged employee misconduct and/or violation of School Board regulations, state and federal statutes. The completed investigative file indicates the investigative findings and disposition actions relating to the allegation(s). It includes statements by investigating officer or school official, person(s) filing complaint, victim(s) and witnesses, if any.

3. For retention purposes, school personnel records are considered to be a "record series" containing personnel files in general. They are retained by the SBDC for the career of the teacher plus fifty years. Investigative files are a "subseries" of personnel files but are not included in the general personnel records. While the personnel file contains the disposition of every complaint, founded or otherwise, lodged against a teacher, the file does not contain the investigative materials themselves, since they are included only in the investigative files. Both sets of files are public records, and open for inspection by members of the public, including petitioner.[3]

4. On March 21, 1984 the SBDC adopted Rule 6Gx13-4-1.03 entitled "Procedures Personnel Files." As is relevant to this controversy, the rule contains a provision governing the minimum period of time that personnel investigative files must be retained. This time period was arrived at after lengthy negotiations between the SBDC and intervenor, United Teachers of Dade (UTD). UTD is the collective bargaining unit for teachers in the Dade County public school system. According to the rule:

Investigative reports will be retained in the Division of Personnel Control. Reports of allegations which are unfounded, exonerated, or not sustained, will be retained for five years provided there are no litigations pending and an infraction-free period of five (5) years precedes each purge, except for those investigative reports that

_____

[3] Investigative files are maintained at the SBDC's administrative offices. In some cases, duplicate investigative materials are also kept at the teacher's work site. However, this controversy deals with the retention period for the so-called "permanent" files maintained at the county administrative offices.

concern sexual abuse of a child or other forms of child abuse. Investigative material relating to records of sustained formal discipline will be retained for ten years from the date of disposition provided an infraction-free period of ten years precedes each purge of formal discipline, except for those investigative reports that concern sexual abuse of a child or other forms of child abuse, and provided there are no litigations pending.

Authorization for disposal of records will be enacted in accordance with Florida Statutes and the State Division of Archives, History and Records Management, and School Board Rule 6Gx13-3D-1.08.

Put another way, this meant that unfounded complaints (except those relating to child abuse) would be retained in a teacher's investigative file for five years while substantiated complaints would be retained for ten years. Neither could be purged after those time periods unless there were no other substantiated complaints lodged against the teacher during the five and ten year periods preceding the purge. If there were, the complaints would continue to be retained until the requisite infraction free period was attained.

5. By law, respondent, Department of State, Division of Library and Information Services (Division), is charged with the responsibility of reviewing and approving requests for record retention schedules submitted by various agencies. To this end, SBDC forwarded to the Division on March 30, 1984 a request for approval of the schedule pertaining to investigative files. After reviewing the request, and receiving input from all parties, including petitioner (who suggested no specific retention period), the Division issued proposed agency action on June 18, 1984 approving the following recommended retention period:

a. Sustained formal discipline (less than dismissal)—ten (10) years from date of disposition provided an infraction free period of ten (10) years precedes each purge of formal discipline, and providing there are no litigations pending.

b. Unfounded, exonerated, not sustained—Five (5) years providing there are no litigations pending and an infraction free period of five (5) years each purge.

The above action was formalized by agency letter dated June 25, 1984 which advised SBDC that Records Retention Schedule Number 146 had been approved. Because petitioner contended such approval affected his substantial interests, he filed a request for hearing which prompted this proceeding.

6. In approving a schedule, the Division often looks to other

previously established schedules as precedent. It is also obliged to review a record in light of any "legal, fiscal, administrative and archival value" it might have. These terms are not defined by statute or rule. However, through testimony it was established that the legal value of a record is taken into account by reviewing any applicable statutes or rules that might require a record to be retained for a certain time period. In this case, there were no legal requirements which imposed retention periods beyond the five and ten year periods authorized by the schedule. The Division also considered the records' potential use in litigation, and consulted with in-house counsel, the Attorney General and the Auditor General as to any legal significance the records might have. The results of these inquiries did not suggest a different retention period than was proposed by SBDC. Since the records were not required to track financial transactions, they had no fiscal significance. Similarly, they had no value in documenting the history of the state and thus were of no historical consequence. The final factor for consideration was the administrative value of the records. This factor concerns the value the records have for current agency in-house use. The Division felt the records' administrative value was for a lesser time period than five and ten years because such retention periods were in excess of those used by law enforcement agencies and the Department of Health and Rehabilitative Services for similar records. In addition, the records duplicated in part the records of the Department of Education.[4] Nonetheless, the Division noted that SBDC and UTD had agreed through collective bargaining that longer retention periods were appropriate, and accordingly approved the schedule. Such time periods were not shown to be arbitrary or unreasonable, or that they were inconsistent with relevant statutory criteria.

7. Petitioner did not propose that the records be retained for any specified period, but simply criticized the Division's action. Through his mother, Lennie complained that some of his teachers in prior years were "not qualified" because they could not control their respective classrooms. Her primary complaint is that certain teachers are not "trained" to handle emotionally handicapped children, and that she may wish to see the records of certain teachers at a future time to make decisions concerning his child's placement. However, she has never asked to see any teacher's investigative file, has not requested a placement hearing, and has no definite plans to do so. Further, the material contained in an investigative file does not relate to exceptional

---

[4] The Department of Education, through its Education Practices Commission, permanently maintains teacher investigative records where probable cause is found.

244

child placement. Indeed, Lennie's principal concern, as clarified through testimony at final hearing, relates to teacher performance matters, a subject wholly different from complaints concerning misconduct. Even so, if performance related complaints are substantiated, they are retained in the teacher assessment files for fifty years, and are open to petitioner's scrutiny. Therefore, the proposed retention periods for investigative files should have no bearing on Lennie's placement, or deprive him of access to material that would be used in a placement hearing.

## CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction of the subject matter and the parties thereto pursuant to Subsection 120.57(1), Florida Statutes (Supp. 1986).

2. Subsection 257.36(6), Florida Statutes (Supp. 1986), provides that:

(6) Each agency shall submit to the division in accordance with the rules of the division a list or schedule of records in its custody that are not needed in the transaction of current business and that do not have sufficient administrative, legal or fiscal significance to warrant further retention by the agency. Such records shall, in the discretion of the division, be transferred to it for further retention and preservation, as herein provided, or may be destroyed upon its approval.

To implement the foregoing statute, the Division has adopted Rule 1B-24.004, Florida Administrative Code, which provides in relevant part:

(1) Each agency shall prepare for submission to the Division a request for records retention schedule on Department of State Form DS-RM 105 for each record series. This schedule must be developed to reflect the legal, fiscal, and administrative requirements of the agency for each record series. The schedule must designate whether the series constitutes a record copy, information copy, or working papers.

Once a request is received, Rule 1B-24.006, Florida Administrative Code, prescribes the following relevant criteria to be used in evaluating the request:

(1) Each proposed records retention schedule is analyzed by the Division in the context of agency's statutory functions and authorities. Florida Statutes, administrative rules, operating procedures, applicable federal regulations and other such sources may be researched to assist in the determination of a record's value. Prior to a determination being made, the advice of the offices of the General

**245**

Counsel, Attorney General or the Auditor General may be requested by the Division.

(2) In addition, the proposed records retention schedule is reviewed to determine whether the records merit further retention by the state in the Florida State Archives. This determination is based upon whether the records have significant legal, fiscal, administrative and/ or historical information value to merit such further retention. The main objectives of this determination are to preserve those records pertaining to the operation of government and to protect the rights and interest of the citizens of the state.

After the request is granted, Rule 1B-24.007(2) provides that:

. . . the records retention schedule becomes the official retention for the agency. It will remain in effect until the record is no longer being generated or the record retention schedule has been revised.

3. Initially, it is noted that the SBDC has filed a request to have its records retention schedule for teacher investigative files approved. At this juncture, the agency has issued preliminary action proposing to grant the request. Therefore, the burden of making a prima facie case to support this action rests upon the agency and intervenors. *Florida Department of Transportation v. J.W.C. Co., Inc.,* 396 SO.2d 779, 787 (Fla. 1st DCA 1981) (an applicant for licensure or permit carries ultimate burden of entitlement through all proceedings until such time as final agency action taken). Having done so, the burden then shifts to petitioner to controvert that showing. Failing this, the application (request) should be approved.

4. In his proposed order, two principal arguments are made by Lennie. First, he contends that the Division failed to use the proper criteria when reviewing the SBDC's request. More specifically, he asserts that the Division's consideration of legal value did not take into account the requirements of the federal Education for the Handicapped Act codified at 20 USCS s. 1400 *et seq.* Among other things, the federal law entitles the parents of a handicapped child such as Lennie to an "opportunity to present complaints with respect to *any matter* relating to the identification, evaluation, or educational placement of the child." Sec. 1415(b)(1)(E) (Emphasis added). While this is obviously true, Lennie did not identify any record maintained in an investigative file that he might use in a child placement hearing. Indeed, the evidence reveals that Lennie has never requested such a hearing during his ten year tenure in the school system, has no definite plans to do so, and his complaint lies with teacher class management

246

problems, a matter not relevant to this proceeding.[5] Lennie also quarrels with the SBDC's definition of investigative files, and now complaints that investigative files should include not only documents pertaining to investigations of misconduct and the like, but also to performance-related matters. However, the evidence of record clearly distinguishes the two, and justifies the classification proposed by SBDC.

5. Having considered the evidence, it is concluded that record retention schedule number 146 is proper and reasonable, and is consistent with Subsection 257.36(6), Florida Statutes (Supp. 1986), and Rule 1B-24.006, Florida Administrative Code. Petitioner did not controvert this showing, or demonstrate that the retention period was arbitrary or unreasonable. Therefore, the request should be approved.

6. Finally, there remains pending a motion to dismiss petitioner for lack of standing. Both respondent and intervenors assert that Lennie had failed to demonstrate that his substantial interest are affected by this proceeding.[6] To demonstrate standing, one must first show that he will suffer injury-in-fact which is of sufficient immediacy to entitle him to a Section 120.57(1) hearing. *Agrico Chemical Co. v. Department of Environmental Regulation*, 406 So.2d 478 (Fla. 2d DCA 1981). Here the evidence reveals that Lennie failed to identify any record in the investigative files that might affect his educational placement. Further, he has conceded that his concern is only with records pertaining to class management problems, a matter not germane to this inquiry. Given this state of the record, Lennie has not proven that he has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged agency action. *Agrico, supra.* Therefore, he lacks standing to question the agency action, and the motion to dismiss should be granted.

## RECOMMENDATION

Based on the foregoing findings of fact and conclusions of law, it is

RECOMMENDED that a Final Order be entered approving the School Board of Dade County's records retention schedule number 146.

DONE AND ORDERED this 1st day of July, 1987, in Tallahassee, Leon County, Florida.

---

[5] In essence, Lennie argues that the term "any matter" includes every record of any nature that pertains to a teacher. If this was true, all teacher records would be kept forever.

[6] Since pleadings and proof are two different matters, Lennie was obliged at final hearing to prove up his allegation that he suffered injury-in-fact by virtue of the agency action.

## AMENDED FINAL ORDER

This cause came before the Department of State (Department for consideration and final agency action. A formal administrative hearing was conducted pursuant to Section 120.57(1), Florida Statutes on May 18, 1987 before Donald R. Alexander, a duly assigned Hearing Officer of the Division of Administrative Hearings. A Recommended Order was submitted by the Hearing Officer on July 1,1987, a copy of which is attached hereto. Exceptions to the Recommended Order were filed by the Respondent Lennie Russell on July 27, 1987, a copy of which is attached hereto.*

### RULING ON EXCEPTION FILED
### BY PETITIONER LENNIE RUSSELL

*EXCEPTION I:* The Petitioner argues that he has standing to challenge the validity of the Division of Library and Information Services[1] (Division) approval of the Dade County School Board's Record Retention Schedule. The issue of standing was decided by the District Court of Appeals for the Third District[2] when it reversed and remanded the case with directions that L. R. be afforded an administrative hearing to review the Division's approval of the records retention schedule at issue. That administrative hearing was held on May 18,1987. Therefore, without discussion of the merits of the allegations contained in the Petitioner's Exception I nor the reasoning contained in the Hearing Officer's Recommended Order, the issue of standing is moot. The Hearing Officer's recommendation that the Motion to Dismiss be granted on the basis that L.R. lacked standing is hereby denied.

*EXCEPTION II:* The Petitioner argues that the records retention schedule was not proper because the Hearing Officer misconstrued the term "legal value" and further, that the retention period was arbitrary and unreasonable. I find no basis for either of these arguments. The record clearly shows that the Division reviewed the "legal, fiscal, administrative and archival value" of the records as indicated by the testimony of the Respondent's witnesses. The length of the retention period was determined by the School Board of Dade COunty (SBDC). Through the examination of statutes and conferences with the Attorney

---

* The Recommended Order is published hereinabove and, therefore, not attached as an exhibit. The Exceptions filed by Lennie Russell have been discussed in this Final Amended Order and, therefore, is not attached as an exhibit.

[1] Formerly the Division of Archives, History and Records Management.

[2] L.R. v. Department of State, Division of Archives, History and Records Management, et al., 488 So.2d 122 (Fla. 3d DCA 1986).

248

General's Office and the Auditor General's Office, the Division has determined that there were no compelling reasons to require the retention of the records for a period longer than that recommended by SBDC. Therefore, Petitioner's Exception II A and B are hereby denied.

### Findings of Fact

The Department hereby adopts and incorporates herein by reference the Findings of Fact set forth in the Recommended Order.

### Conclusions of Law

The Department hereby adopts and incorporates herein by reference the Conclusions of Law set forth in the Recommended Order except any conclusions relating to the issue of standing.

Accordingly, the Department hereby approves the School Board of Dade County records retention schedule number 146.

This order constitutes final agency action. Any part has the right to seek judicial review of the order under Section 120.68, Florida Statutes, by filing a Notice of Appeal pursuant to Rule 9.110, Florida Rules of Appellate Procedure, with the Clerk of the Department of State, Office of Legal Affairs, The Capitol, Room LL-10, Tallahassee, Florida 32399-0250; and by filing a copy of the Notice of Appeal accompanied by the applicable filing fees with the appropriate District Court of Appeal. Notice of Appeal must be filed within 30 days of the day this order is filed with the Clerk of the Department.

It is so ORDERED on this 8th day of October, 1987.

Betty Easley
Assistant Secretary of State

Filed with Agency Clerk on this
8th day of October, 1987.