PER CURIAM.
Appellants, prisoners at Florida State Prison, appeal an order of the Department of Corrections, denying their petition under section 120.54(5), Florida Statutes, to amend prison rules governing inmates’ providing of legal assistance to other inmates, and prohibiting an inmate’s possession and distribution of legal documents and materials belonging to another inmate.
Florida Administrative Code Rule 33-3.006(l)(b), provides:
(b) Any item or article not originally contraband shall be deemed contraband if it is passed from one inmate to another without authorization.
In the petition, appellants allege that the foregoing rule is being used to prohibit inmates from providing legal assistance to others by denying them the right to have in their custody or possession legal documents and materials belonging to another inmate desiring assistance, contrary to the rights conferred by Florida Administrative Code Rule 33-3.005(9) to provide legal assistance to other inmates, and in denial of the inmates’ constitutional right of access to the courts. In response, the Department asserts that it has a valid security interest in maintaining control over the flow of materials from one inmate to another; that adequate means are provided by the Department to enable an inmate to obtain legal assistance from one of the inmate law clerks designated and trained by the Department to assist inmates in legal matters; and that the Department’s actions do not run afoul of an inmate’s constitutional right to access to the courts. Art. I, § 21, Fla. Const.
This court has limited authority to review an agency’s decision to reject a proposed rule or amendment to a rule, and the court has no authority to compel agency adoption of a rule representing a policy choice in the area of the agency’s statutory concern. Florida Education Association/United v. Public Employees Relations Commission, 346 So.2d 551, 553 (Fla. 1st DCA1977). Contrary to appellants’ contentions, they are not entitled to a hearing on the agency’s decision to deny their rule-making petition. Bayonet Point Hospital, Inc. v. Department of Health and Rehabilitative Services, 490 So.2d 1318, 1320 (Fla. 1st DCA1986); see also, section 120.52(12), Florida Statutes (1989). Finally, the courts will not interfere with the internal operation and administration of a prison unless its authorities have abused their discretion as to the treatment of prisoners. Clark v. State, 395 So.2d 525 (Fla.1981).
The United States Supreme Court in Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), while recognizing the right of inmate legal assistance, commented that a state may nevertheless impose reasonable restrictions on assistance by inmates such as limitations on the time and location of such activities, and punishment for the giving of or receipt of consideration for such services. In Turner v. Safley, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), the court set forth four factors which a court can consider in evaluating the constitutionality of prison regulations: (1) whether the regulation bears a rational connection to the legitimate governmental interest put forth to justify it; (2) whether there are available other alternative means of exercising the asserted rights; (3) the impact of accommodating the asserted right on the interest of inmates, prison personnel, and prison resources generally; and (4) whether there is an absence of ready alternatives.
*546 Here, we are of the view that appellants have sought relief via the wrong remedy. Instead of a rule-making proceeding, they should have sought relief by challenging the validity of Rule 33-3.006(l)(b) pursuant to section 120.56, Florida Statutes. Therefore, while we express no opinion as to whether appellants might be entitled to redress by making the showing required by Turner, we affirm the order below without prejudice to the institution of a rule-challenge proceeding.
AFFIRMED.
ERVIN, SMITH and KAHN, JJ., concur.