617 So.2d 1065 (1993)
FLORIDA SUGAR CANE LEAGUE, INC., Appellant,
v.
SOUTH FLORIDA WATER MANAGEMENT DISTRICT, an agency of the State of Florida, Timer E. Powers, Interim Executive Director, South Florida Water Management District, and Allen Milledge, Chairman of Governing Board, South Florida Water Management District, Appellees.
Nos. 91-2151, 92-1146.
District Court of Appeal of Florida, Fourth District.
March 24, 1993.
Opinion Corrected on Clarification June 4, 1993.
*1066 Larry A. Klein of Klein & Walsh, West Palm Beach, and Judith S. Kavanaugh of Peeples, Earl & Blank, P.A., Sarasota, for appellant.
Stanley J. Niego of South Florida Water Management Dist., West Palm Beach, and R. Benjamine Reid of Popham Haik Schnobrich & Kaufman, Ltd., Miami, for appellees.
BRESCHER, GEORGE, A., Associate Judge.
Appellant, the Florida Sugar Cane League, Inc. (League), appeals a final order of the South Florida Water Management District (District) denying its petition for an administrative hearing pursuant to section 120.57, Florida Statutes (1991). We have jurisdiction pursuant to Rule 9.030(b)(1)(C), Florida Rules of Appellate Procedure.
The facts giving rise to this appeal come about based upon a proposed settlement of a federal law suit known as United States v. South Florida Water Management District, et al., Case No. 88-1886-Civ-Hoeveler, U.S. District Court, Southern District of Florida. That action was commonly known as the "Everglades Case" and was brought by the United States against the District under state law wherein the United States alleged the District's water management control operations were deficient and resulted in nutrient polluted waters being released to the Everglades National Park and the Loxahatchee Wildlife Refuge. The League has succeeded in intervening in that action. Settlement negotiations were commenced in that law suit between the plaintiff United States and the codefendants, the District and the Florida Department of Environmental Regulation (DER), and, pursuant to an agreement of these parties, these negotiations were conducted in secret. The issue of the confidentiality of these negotiations is being litigated elsewhere and is not an issue being considered in this appeal.[1] The League did not participate in the negotiations.
On July 11, 1991, the negotiating parties announced the terms of the proposed settlement of the federal law suit. Thereafter, the League timely filed a petition for an administrative hearing pursuant to section 120.57(1) to contest the facts upon which the settlement proposal was based. On July 26, 1991, the governing board of the District voted to deny the League's petition for administrative hearing and also voted to authorize the chairman to sign the settlement agreement on the part of the District. The subject of this appeal is the validity of the district's denial of the requested administrative hearing.
It is agreed by parties to this appeal that the District as a regulatory state agency is subject to the provisions of the Administrative Procedure Act, Chapter 120 of the Florida Statutes (1991). Under section 120.57, a party may petition for an administrative evidentiary hearing to contest any proposed final state agency action where the proposed final agency action would affect that party's substantial interest and where there is a disputed issue of material fact which formed a basis for the proposed final agency action. Friends of the Hatchineha, Inc. v. State, Dep't of Envtl. Regulation, 580 So.2d 267 (Fla. 1st DCA 1991). It is also not contested here that subsequent actions required of the District by the settlement agreement may well affect the substantial interest of the league or there are, or will be, disputed facts. Rather, the issue presented here is whether this *1067 is the appropriate "point of entry",[2] that is, whether this is the time when the District as the subject state agency has taken or proposes to take that action which will affect the substantial interests of the League.
The settlement agreement was reached between the United States as plaintiff and the District and DER as codefendants to resolve the subject federal lawsuit and in substance basically provided for a reduction of nutrient polluted waters into the affected lands. The agreement also contemplates that Everglades Agricultural Area farmers are capable of achieving a 25% reduction of the current nutrient inflows into the affected areas, and also for the construction and operation of storm water treatment areas. The District is to accomplish its obligations under the agreement through its regulatory and other powers under state law, and that in accomplishing these goals, state law will apply, including the provisions of the APA. In essence then, although the League is not directly and specifically affected by this settlement agreement in that it is not a party to the agreement, nonetheless, it will most likely have its substantial interest affected when the District seeks to honor its obligations under the settlement agreement through its rule making or other regulatory powers. At that point in time, in accordance with the provisions of the settlement agreement, each of the parties would be entitled to an administrative hearing pursuant to section 120.57(1). Further, there has been no showing that the League will be prejudiced by not having a point of entry into agency proceedings at this time, or perhaps more importantly, that hereafter when the District may or does seek to take action that would directly affect the League's substantial interests, that such a point of entry would not be meaningful. See Friends of the Everglades, Inc. v. State, Dep't of Community Affairs, 495 So.2d 1193 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1041 (Fla. 1987).
Therefore, we find the League's rights to such an administrative hearing are preserved and are viable, but that the filing of the petition for such relief was premature. Accordingly, we affirm the final order of the District denying the League's petition for an administrative hearing.
STONE, J., and OWEN, WILLIAM C., JR., Senior Judge, concur.
NOTES
[1] See Florida Sugar Cane League, Inc. v. South Florida Water Management District, Case No. CL-91-8901-An, Circuit Court of Palm Beach County, Florida; Florida Sugar Cane League, Inc., v. Florida Department of Environmental Regulation, et al., Case No. 91-4021, Circuit Court of Leon County, Florida.
[2] See Capeletti Bros., Inc. v. State, Dep't of Transp., 362 So.2d 346, 348 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla. 1979).