REQUESTED BY: Senator Gene Tyson; Vice Chairperson Banking, Commerce and Insurance Committee
You have requested the opinion of the Attorney General regarding the constitutional validity of proposed legislation requiring reimbursement of a labor organization for certain representation costs by employees who are not members of the labor organization. The specific question asked is whether the provisions of LB 226 would be violative of Art. XV, sec. 13
of the Nebraska Constitution, commonly referred to as the "right to work" law.
Section 1 of LB 226 would add a new statutory provision as set forth below:
 If an employee who is not a member of a labor organization, as defined in section 48-218, chooses to have legal representation from the labor organization in any grievance or legal action, such employee shall reimburse the labor organization for his or her pro rata share of the actual legal fees and court costs incurred by the labor organization in representing the employee in such grievance or legal action.
(Emphasis added).
Section 2 of the bill would amend Neb. Rev. Stat. § 48-217
(1998) in the following respects:
 To make operative the provisions of sections 13, 14, and 15 of Article XV of the Constitution of Nebraska, no person shall be denied employment because of membership in or affiliation with, or resignation or expulsion from a labor organization or because of refusal to join, or affiliate with, or pay a fee either directly or indirectly to a labor organization; nor shall any individual or corporation or association of any kind enter into any contract, written or oral, to exclude persons from employment because of membership in or nonmembership in a labor organization.
Article XV, sec. 13 of the Nebraska Constitution states:
 No person shall be denied employment because of membership in or affiliation with, or resignation or expulsion from a labor organization or because of refusal to join or affiliate with a labor organization; nor shall any individual or corporation or association of any kind enter into any contract, written or oral, to exclude persons from employment because of membership or nonmembership in a labor organization.
The Nebraska Supreme Court has determined that a purpose of Art. XV, sec. 13 is to provide that employment of an individual cannot be based upon his or her membership in a labor organization. Lincoln Federal Labor Union v. Northwestern Iron and Metal Co., 149 Neb. 507, 31 N.W.2d 477
(1948). The constitutional amendment was enacted in 1946 as the result of a referendum petition, thus there is no applicable history. In 1947, LB 344, which contained substantially similar language was enacted by the Legislature. The legislative history indicates that the principal concern was prohibiting closed shop provisions, although mention was made of prohibiting other forms of union security. Op. Att'y Gen. No. 82 (March 13, 1979) (quoting report of the Attorney General, 1959-1960, No. 173, at 295-96).
LB 226 authorizes reimbursement of the labor organization by a nonmember employee for representation costs of the labor organization if the employee chooses representation by the labor organization. This type of provision is generally recognized as a "fair share" arrangement. A "fair share" arrangement differs from an "agency shop" arrangement. The "agency shop" is an agreement between an employer and union organization that employees who are not union members shall, as a condition of continued employment, contribute an equal amount to the fees and dues paid by union members. This device owes its conception to the existence of "right to work laws" in nineteen of the United States. See Report of the Attorney General, 1959-60, No. 173, at 295.
We have found no Nebraska case authority that has addressed the validity of "fair share" arrangements in the context of Nebraska's right to work law. In other jurisdictions, courts have found that union security devices such as agency shop provisions and fair share arrangements are violative of states' right to work laws. See e.g. Independent Guard Association v. Wackenhut, Servs., 90 Nev. 198,522 P.2d 1010 (1974); State Employees Association v. Mills, 115 N.H. 473,342 A.2d 6 (1975); Ficek v. International Brotherhood of Boilermaker, Iron Shop Builders, Blacksmiths, Forgers and Helpers, Local #647,219 N.W.2d 860 (N. Dak. 1974); Schmerhorn v. Retail Clerks International Association, 141 So.2d 269 (Fla. 1962). Also see Florida Education Association/United v. Public Employees Relations Comm'n, 346 So.2d 551
(Fla.Dist.Ct.App. 1977) (finding that an agreement which requires nonmember teachers to contribute fair share fees for services of bargaining representatives as a condition of employment to be violative of the state's right to work laws.)
This office has previously addressed constitutional issues concerning fair share legislative proposals. In Op. Att'y Gen. No. 82 (March 5, 1979), we considered whether a proposed legislative act which would authorize an agreement between the employer and the labor organization certifying the labor organization as the exclusive bargaining agent was constitutionally offensive. The proposal would have required the employee to pay the labor organization a service fee equivalent to the employee's proportionate share of the organization's costs of negotiating and administering a collective bargaining contract and processing grievances under the agreement. It was concluded the provisions were constitutionally suspect under Art. XV, sec. 13 of the Nebraska Constitution because the required payment of a service fee forces an employee to join or affiliate with a labor organization as a condition of employment. id. at 3.
More recently, the question of the constitutional validity of a legislative proposal which would require nonunion employees in a bargaining unit covered by a collective bargaining unit to pay fees to the labor organization was addressed. The "fair share" amount would have represented the proportionate share of the cost borne by the labor organization in representing the nonmember employees. We concluded that the fair share provisions were constitutionally suspect under Art. XV, sec. 13 of the Nebraska Constitution. Op. Att'y Gen. No. 93009 (February 19, 1993) at 3.
The fair share provisions of LB 226 differ from constitutionally suspect provisions of the previous legislative proposals because membership or affiliation with a labor organization is not coerced as a condition of employment. The provisions of LB 226 neither compel nor require a nonmember employee to join or affiliate with a labor organization because the representation by the labor organization is not mandated as a condition of employment. Rather, the employee is required to reimburse the labor organization for his or her share of actual legal fees and costs incurred by the labor organization only if the employee chooses representation by the organization.
The precise issue presented by the provisions of LB 226 under similar circumstances has been considered by the Supreme Court of Nevada. In Cone v. Nebraska Service Employees Union/SEIU Local 1107,116 Nev. 473, 998 P.2d 1178 (2000), the court addressed the question whether reimbursement or the imposition of fees on nonunion employees for representation by the union in grievance matters violated the state's right to work laws. Under the facts of the case, a union policy established a fee schedule for all members of the union for representation in grievance matters and notified nonunion employees that they could select outside counsel to represent them in bargaining unit matters. The Supreme Court of Nevada concluded that the policy of imposing fees on nonunion members of a bargaining unit for representation in grievance matters did not violate the state's right to work laws. The court concluded that the policy was not like an agency shop agreement because paying a service fee for grievance representation was not a condition of employment. In so concluding, the court stated: "(A)n individual could opt to hire his or her own legal counsel, and thereby forego giving the union any money at all without fear of losing his or her job." id. at 478, 998 P.2d at 1181.
We think the rationale of Cone is persuasive. The provisions of LB 226 do not compel a nonmember employee to pay any amounts to a labor organization if the employee opts to have representation other than representation by the labor organization. Accordingly, a nonmember would not be required to pay any amount to the labor organization as a condition of obtaining or retaining his or her employment. For these reasons, it is our opinion that the provisions of LB 226 are not offensive to Art. XV, sec. 13 of the Nebraska Constitution.
Sincerely,
JON BRUNING
Attorney General
Fredrick F. Ned
Assistant Attorney General
Approved:
__________________________________
Attorney General
21-260-09